Lorenzo BOWENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 784 S 262.

Supreme Court of Indiana.

Aug. 19, 1985.

Donald R. Black, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PIVARNIK, Justice.

Defendant-Appellant Lorenzo Bowens was found guilty by a jury in the Lake Superior Court of class A felony attempted robbery and the trial court subsequently sentenced him to twenty years imprisonment. Defendant now directly appeals and raises the following five issues:

1. denial of Defendant's Motion for Dismissal and Immediate Release pursuant to Ind.R.Crim.P. 4;

2. trial court's alleged refusal to permit Defendant to move to strike;

3. alleged improper testimony of Charles Hall, a victim;

4. alleged violation of Motion to Separate Witnesses; and

5. alleged improper testimony of witness Gonzales.

The facts adduced during trial tend to show that on July 1, 1983, DeEtter Hall and her husband, Charles, were working at Scotty's Gas Stop in Lake County, Indiana. DeEtter was in the back room while Charles was working the rest of the gas station. Around 10:45 p.m., Defendant entered the station and asked to purchase cigarettes from Charles. After Defendant paid for the cigarettes, he backed away as if to leave and then drew a gun on Charles, announcing a "stick-up." When DeEtter witnessed the incident from the backroom she quickly closed the door. An accomplice of the defendant rushed into the station and held a gun to Charles' head while Defendant went to the back of the station and broke open the door to the backroom, pointing his gun at DeEtter's head. Both victims struggled with their respective attackers. In the ensuing struggle between DeEtter and Defendant, three shots were fired from Defendant's gun including one which wounded Defendant in the upper torso. Charles Hall was struck in the forehead with the second man's gun during his struggle before the second man fled the scene. Defendant claimed he was the only one in the station and that he had no intent to rob the Halls. He said an altercation arose when the Halls shortchanged him and that they produced the gun that resulted in the above shootings.

## I

■ Defendant first alleges the trial court erred by failing to set the trial date within the required time pursuant to Ind.R. Crim.P. 4(A). This rule provides that a defendant be released on his own recognizance if not brought to trial within six months of the date the criminal charge against the defendant is filed or of the date of the defendant's arrest, whichever is later. The rule further provides that the defendant remain subject to prosecution for one year. The record shows that Defendant's trial was set for a period beyond the six months deadline but Defendant made no objection at the setting of said trial date. Further, Defendant did not raise this issue in his Motion to Correct Errors. The failure to complain of alleged errors at trial in a timely fashion results in waiver of the issue. *Randall v. State*, (1985) Ind., 474 N.E.2d 76, *reh. denied.* Moreover, this Court has held that any issue not assigned as error in Defendant's Motion to Correct Errors is waived. *Ballard v. State*, (1982) Ind., 438 N.E.2d 707. We also note that this issue is now moot. If Defendant lost any rights, as he now complains, it was the right to be released on bond because of his incarceration for a period of six months. Defendant still remained subject to prosecution, however, and since he was tried and convicted within the statutory one year period, the issue is now moot and beyond appellate review.

## II

■ Conflict arose with reference to the dress that DeEtter Hall wore during the crime and wore again during the trial. There were marks and stains on the dress which apparently DeEtter Hall felt were gunpowder burns. Prior to trial the trial judge granted Defendant's motion *in limine* to prevent DeEtter from testifying that the stains were, in fact, gunpowder burns since she was not a chemist or an expert witness on the subject. During DeEtter's testimony, however, she made reference to gunpowder burns on her dress and defense counsel objected on the grounds of her incompetency. The trial court sustained the objection and defense counsel then asked permission to approach the bench to which the trial court answered: "No." Defendant now claims the trial judge erred in that his refusal to permit defense counsel to approach the bench prevented Defendant from making the warranted motion to strike and admonish and

the necessary motion for mistrial. Defense counsel made no attempt to make such motions from counsel table, however, and there was no indication of what defense counsel intended to do had he been allowed to approach the bench. There is, of course, no requirement that motions be made at the bench and Defendant has shown no threat of prejudice that would have made a bench approach necessary. Moreover, Defendant has not shown that he was impeded in any manner from making the motions from the counsel's table. There is, therefore, no error shown that merits reversal on this issue.

Defendant further claims there was error in that the deputy prosecutor made reference to powder burns on DeEtter Hall's dress during his cross-examination of Defendant. The record shows, however, that no objection was made at the time and thus this issue has been waived. *Suggs v. State*, (1981) Ind., 428 N.E.2d 226, *reh. denied* (1982).

### III

■ Defendant also contends that the testimony of State's witness Charles Hall was inadmissible because Hall could not identify him. Charles Hall referred to the perpetrators as the "first man" and the "second man" when he testified about the events in which he and his wife were attacked and robbed. There was, however, abundant evidence connecting Charles Hall's testimony to the crime and to Defendant. Hall's wife, DeEtter, provided overwhelming evidence identifying Defendant and connecting the events of this offense to him. Her testimony also preceded her husband's testimony. Hall's testimony, therefore, was not used to identify the defendant but rather to clarify and expand on the overall events of the attempted robbery and to corroborate his wife's testimony. His testimony clearly tended to prove the specific events of the crime that Defendant perpetrated and was relevant and admissible. *See Armstrong v. State*, (1982) Ind., 429 N.E.2d 647. There is no error on this issue.

### IV

■ Although Defendant's Motion to Separate Witnesses was granted by the trial court, State witness Griffen remained in the courtroom during the testimony of both of the Halls. Defendant objected when Officer Griffen was called and before he testified and also moved that Griffen not be allowed to testify that Defendant was the person arrested at the scene. The court granted that motion limiting Griffen's testimony and, accordingly, Griffen testified only that he visited Defendant in the hospital and Defendant was wounded. Griffen did not testify as to anything that occurred at the crime scene including Defendant's arrest there. In this appeal, Defendant claims an additional ground for objection namely that Griffen should not have testified that Defendant was wounded. A person may not state one reason for an objection at trial and then rely upon another on appeal and any grounds not raised in the trial court are not available on appeal. The latter ground raised by Defendant therefore is deemed waived as it was not properly brought to the trial court's attention. *Phelan v. State*, (1980) 273 Ind. 542, 406 N.E.2d 237. Moreover, this issue is further waived since Defendant's appellate brief does not contain citations to authorities, statutes or parts of the record relied upon by Defendant pursuant to Ind.R.App.P. 8.3(A)(7). Such failure effects a waiver of the issue on appeal. *See Sandlin v. State*, (1984) Ind., 461 N.E.2d 1116; *Smith v. State*, (1982) Ind., 432 N.E.2d 1363.

### V

■ Defendant testified that he neither owned nor carried a gun during these events and that the Halls had the gun in their possession and produced it during the robbery. The defense attempted to show that the gun was in fact owned by Hall. Witness Gonzales was called by the State as a rebuttal witness to testify that he in fact owned the gun. Defendant now claims that Gonzales should not have been

permitted to testify as his testimony was "clearly beyond the scope of rebuttal and therefore inadmissible." The record shows, however, that at trial Defendant objected to Gonzales' testimony on the grounds of surprise and violation of a *limine* order against references to prior criminal activity by Gonzales. No objection was made on the grounds of irrelevancy or that Gonzales' testimony would not rebut Defendant's assertions. Defendant therefore is committed to the grounds he advanced at trial and has waived the grounds on which he now appeals. *Phelan, supra.* Furthermore, the only reference Gonzales made to a prior crime was under re-cross-examination by the defendant. No motion to strike and admonish was made by the defendant and any error therefore occasioned while the witness was under Defendant's examination and to which he made no curative motion is invited error and may not be complained of on appeal. *See Lacy v. State,* (1982) Ind., 438 N.E.2d 968. There is no error presented on this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, and PRENTICE, JJ., concur.

HUNTER, J., not participating.