**Samuel D. MILLS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 385S82.

Supreme Court of Indiana.

Sept. 10, 1987.

---

Dale Allen, Deputy Public Defender, Valparaiso, for appellant.

Linley Pearson, Atty. Gen., Amy Shaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Samuel D. Mills appeals his conviction for theft, a class D felony, Ind. Code § 35–43–4–2 (Burns 1985 Repl.), and finding as a habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court imposed a sentence of two years for the theft conviction enhanced by thirty years for the recidivist determination.

Mills raises four issues on direct appeal.
1) Whether the evidence of "intent to deprive" is sufficient to sustain the conviction;
2) Whether the thirty-two-year sentence for a nonviolent theft is unconstitutionally disproportionate in violation of the federal or state constitution;
3) Whether the trial court erred by not allowing a constitutional challenge to the prior felony conviction during the habitual offender phase of trial; and
4) Whether the trial court incorrectly denied a motion for discharge under Crim.Rule 4(A), Ind.Rules of Procedure.

At trial the State showed that on October 18, 1981, Mills used a valid Visa credit card to rent a car from Hertz in Portage, Indiana, to travel to Cleveland, Ohio. The credit card belonged to Jay Munitz, and Mills presented an Ohio driver's license with his picture but Munitz's name. Mills gave Munitz's correct telephone number on the rental agreement and took possession of a 1981 Monte Carlo.

A number of days later the Hertz manager discovered the car was overdue and contacted Munitz at the number provided by Mills. The manager subsequently filed a stolen vehicle report with the Portage Police Department. On December 7, 1981, Mills was charged with theft and with being a habitual criminal. The rental car was never returned.

A year and a half later, the Port Orange (Florida) Police Department informed the Portage Police Department that they had apprehended and detained Mills on the Indiana charges.

## I. *Sufficiency of Evidence*

Mills argues the evidence is insufficient to establish he intended to deprive Hertz of the value or use of the car. The statute in question reads, "A person who knowingly or intentionally exerts unauthorized control over property of another person, *with intent to deprive the other person of any part of its value or use,* commits theft, a class D felony." Ind.Code § 35–43–4–2(a) (Burns 1985 Repl.) (emphasis added).

Mills testified at trial that Munitz authorized the use of the credit card. Mills said he left the car in Munitz's garage and thought Munitz would return the vehicle. He suggests he would not have given the correct phone number if he had intended to steal the car. Munitz was not present at trial to corroborate or disprove Mills' testimony. Mills contends the circumstantial evidence of intent is insufficient to support the theft conviction because the evidence does not exclude every reasonable hypothesis of his innocence.

■ On review, we neither reweigh the evidence nor judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We look only to the evidence most favorable to the verdict. *Hanks v. State* (1985), Ind., 484 N.E.2d 14. This Court need not find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn to support the verdict. *Lovell v. State* (1985), Ind., 474 N.E.2d 505.

■ The jury had sufficient evidence before it to conclude that Mills intended to deprive Hertz of the value or use of the car. Mills used Munitz's credit card to rent the car. He presented identification falsely identifying himself as Munitz. The jury could infer that Munitz did not give Mills authority to use the credit card because the

Hertz manager filed a stolen vehicle report after talking with Munitz. Nobody paid the car rental bill, and the car was never returned.

■ Intent is a mental function and, absent an admission, it must be determined from a person's conduct and the natural consequences of such conduct. *Cole v. State* (1980), 273 Ind. 277, 403 N.E.2d 337. From the circumstantial evidence the jury found that Mills had the requisite intent. That evidence was sufficient.

## II. *Proportional Punishment*

Mills argues a sentence of thirty-two years is disproportionate to the crime of theft. He maintains the sentence violates the Eighth Amendment of the United States Constitution and Article 1, Section 16 of the Indiana Constitution.

The Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Mills argues that the imposition of thirty-two years violates this proscription, citing *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (life sentence without possibility of parole disproportionate punishment for a seventh nonviolent felony in violation of Eighth Amendment). This Court recently held the Eighth Amendment, as interpreted by *Solem,* did not require an extended proportionality analysis for the imposition of a thirty-two-year sentence on a habitual thief. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036.

Although the United States Constitution does not require an extensive proportionality review in this case, the Indiana Constitution does require such an analysis. Article 1, Section 16 is specific on this point: "All penalties shall be proportioned to the nature of the offense." Mills has a right to have the proportionality of his penalty reviewed under the Indiana Constitution.

■ Our state constitution mandates that the penalty be proportioned to "nature" of the offense. We must focus initially on the principal felony—the theft conviction that triggers the habitual offender

statute—because Mills already has paid the penalty for each of his prior offenses. Mills' prior convictions are, of course, relevant to the sentencing decision. Therefore, the proportionality analysis of a habitual offender penalty has two components. First, a reviewing court should judge the "nature" and gravity of the present felony. Second, the court should consider the "nature" of the prior offenses.

■ The first factor is the gravity of the primary offense. Mills argues his theft is a minor offense compared to murder, rape, robbery, burglary or child molesting. Our statutes, however, already take account of the nonviolent nature of the felony.

They categorize crimes by the violence involved. For instance, robbery can be a class A, B or C felony. Robbery is a class A felony if it results in serious bodily injury to any person other than the defendant, a class B felony if it is committed while armed with a deadly weapon, and a class C felony otherwise. Ind.Code § 35–42–5–1 (Burns 1985 Repl.). The habitual offender statute adds a consecutive term of thirty years to the felony sentence. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). If a recidivist commits a Class A felony, the term would presumptively be fifty years, but, if the repeat offender commits a Class C felony, the term would be thirty-five years.

This Court previously ruled the habitual offender enhancement of a theft conviction was not disproportionate. *Norris v. State* (1979), 271 Ind. 568, 394 N.E.2d 144, 150.[1] More recently, we have held a thirty-two-year sentence was not an unconstitutionally disproportionate penalty for the stealing of gasoline by a repeat offender, *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, or the theft of fifty dollars worth of spark plugs by a habitual criminal, *Taylor*, 511 N.E.2d 1036.

Mills' theft of a car is more serious than the fifty dollars worth of spark plugs sto-

len in *Taylor* or the gasoline siphoned in *Hensley*. Hertz has been permanently deprived of a thing of substantially greater value, a 1981 Monte Carlo. As the principal felony becomes more egregious, satisfying the proportionality requirement of the Indiana Constitution requires less of the prior convictions.

The second factor is the nature of the earlier crimes. Mills' criminal history centers on cars. On September 16, 1965, he was convicted of larceny of an automobile in Florida. Mills was nineteen at the time and the trial court exercised leniency. Mills persisted in his criminal activity. On April 19, 1967, he was apprehended in Arkansas while transporting a stolen motor vehicle. A number of years passed before he was convicted in Ohio of unauthorized use of a vehicle in 1978. Though these felonies occurred over a long period of time and there was an eleven-year hiatus between convictions, the sentence is not disproportionate to the nature of his crimes. Mills record shows he has a propensity to commit automobile-related crimes which probation and short-term incarceration have failed to cure.

Mills maintains the State is justified in punishing a recidivist more severely than it punishes a first offender but argues the habitual offender status should not be considered in the abstract. We have considered Mills' prior conviction in context. Although the thirty-year enhancement is severe, it is not unconstitutional.

### III. Challenge to Prior Convictions

Mills states the trial court erred by refusing to allow a challenge to the constitutional validity of the predicate felony convictions during the habitual offender proceeding. The trial court admitted Mills' Exhibit A, a transcript of the 1965 guilty plea, but prohibited Mills from arguing at closing that the pleas were not intelligently and voluntarily entered.

---

1. We note that in *Norris* this Court stated, "We can see no reason for creating a greater or lesser standard under article 1, section sixteen when its language is so similar to the Eighth Amendment standard." 394 N.E.2d at 150. The *Norris* court adopted the proportionality test for

death penalty cases set out in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). In light of *Solem*, we conclude the Indiana Constitution requires a different review than the federal constitution.

Mills relies on *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and subsequent similar cases as authority for the proposition that he is entitled to challenge the validity of prior convictions offered by the State during the habitual offender proceeding. The documents in *Burgett* were judgments of conviction, one of which recited that the defendant had been tried without counsel. Because neither of the two judgment entries recited that the defendant had waived his right to be represented, the Court declared that the document itself raised a presumption that the defendant was denied his right. Admission of the exhibit was thus said to violate the Sixth and Fourteenth Amendments.

■ This Court has, of course, recognized *Burgett* as requiring an exception to our general rule that prior convictions may only be attacked through post-conviction relief in the court of conviction. *Edwards v. State* (1985), Ind., 479 N.E.2d 541 (collateral attack permissible where it can be shown that defendant was not represented). The transcript of Mills' 1965 guilty plea shows he consulted with counsel. Thus, he is relegated to a direct attack in his effort to set aside that conviction.

■ Mills also argues that the State was obligated to produce the transcripts of his guilty pleas in 1967 and 1978. The absence of the transcripts, Mills claims, represents a failure of proof that he entered those pleas voluntarily and intelligently. This question has been resolved adverse to Mills. *Lucas v. State* (1986), Ind., 499 N.E. 2d 1090, 1095–1096.

### IV. *Criminal Rule 4(A) Motion*

■ Mills claims the trial court erred when it denied his *pro se* motion for discharge under Crim.Rule 4(A), Ind.Rules of Procedure. He argues his detention impaired his ability to secure Munitz as a witness, who might have corroborated his story.

The rule states, in part, "No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from ...

the date of his arrest on such charge.... Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period...." Crim. Rule 4(A). Mills waived the issue by failing to object at the omnibus hearing on December 8, 1983, when the court set the trial beyond the period provided in the rule. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289.

Even if the issue was not waived, Mills lost only the right to be released until trial. He concedes the appropriate motion was not one for discharge, but rather one for release on recognizance. The trial court's refusal to release Mills did not prejudice him because his counsel could have found Munitz and compelled his testimony. The State still had the right to try Mills, did so, and convicted him. The issue is moot and not one for appellate review. *Lisenby v. State* (1986), Ind., 493 N.E.2d 780, 781–782.

We affirm the trial court.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., concurs in result.