# In the
# Indiana Supreme Court

STATE of Indiana *ex rel.*                )
Michael Shane BRAMLEY,              )
    Relator,                              )
               v.                   )   No. 80S00-0507-OR-327
                                 )
THE TIPTON CIRCUIT COURT          )
and THE HONORABLE THOMAS R. LETT,   )
AS JUDGE THEREOF,                  )
    Respondents.                          )

## PUBLISHED ORDER GRANTING PERMANENT WRIT OF MANDAMUS

On July 22, 2005, Relator, by counsel, filed his petition for writ of mandamus and accompanying application papers under the rules governing original actions. Relator is the defendant in a criminal case entitled State v. Michael Shane Bramley, No. 80C01-0402-MR-38, pending in the Tipton Circuit Court before the Honorable Thomas R. Lett (collectively "the Respondents"). Relator requests a permanent writ requiring the granting of his release under Indiana Criminal Rule 4(A), which the trial court last denied on July 20, 2005. Relator's trial is currently scheduled for October 3, 2005. On July 25, 2005, this Court issued an order allowing the Respondents, the Prosecuting Attorney, and the Indiana Attorney General an opportunity to file briefs opposing issuance of the writ and/or supplemental records by noon on August 4, 2005.

*No briefs opposing the application or supplemental records were filed by the Respondents, the Prosecuting Attorney, or the Attorney General.*

This Court has conferred about the writ application and materials filed in support of it. Each of the five Justices has had an opportunity to express his views on the application. All five Justices have voted to grant Relator's application. Accordingly, the Court grants Relator's application for the following reasons.

Indiana Criminal Rule 4(A) provides, in relevant part, "No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); *except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar*[.]" (Emphasis added.) The rule provides further that "a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance." *Id.* "Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule." *Id.* Further, "When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby." Crim. R. 4(F).

In this case, 526 days passed between the first day Relator was under arrest and charged, February 10, 2004, and the date when the trial court denied his last motion for release on his own recognizance, July 20, 2005. Not all of those 526 days count toward the six-month period described in Criminal Rule 4(A). Specifically, Relator is charged with the 25 days of delay (from April 12, 2004, until May 7, 2004) resulting from his motion to continue the pretrial conference from April 12, 2004, until the date of the rescheduled pretrial conference on May 7, 2004, at which the first trial date of October 19, 2004, was set. Likewise, 265 days of delay (from October 19, 2004, to July 11, 2005) are attributable to Relator as a result of his successful motions to continue the October 19, 2004 and February 22, 2005 trial dates and his unsuccessful motion in the Court of Appeals for permission to take a discretionary interlocutory appeal, which led to his case being set for trial on July 11, 2005. Also exempted from Criminal Rule 4(A)'s six-month period are the nine days after July 11, 2005, which are attributable to the trial court's finding of an emergency in response to the State's emergency motion for continuance of the trial date. Thus, the delays resulting from Relator's own acts or motions to continue or to the emergency total 299 days (25 + 265 + 9). When these 299 days are subtracted from the 526 days Relator has been detained, 227 remain. This period exceeds six months. Consequently, the trial court should have granted Relator's July 19, 2005 motion for release on his own recognizance, and Relator is entitled to such release.

The result would not change even if delays resulting from Relator's motions to continue were calculated from the date on which he made his motions rather than from the first day of delay in a court event resulting therefrom. *Cf.* Vermillion v. State, 719 N.E.2d 1201, 1204 (Ind. 1999) (stating that for purposes of one-year rule in Criminal Rule 4(C), the time between the motion for a continuance and the new trial date is chargeable to the defendant). Under this alternative method of calculating delay, Relator would be charged with 31 days (from his April 6, 2004 motion to continue the pretrial conference until the rescheduled pretrial conference on May 7, 2004) and with 293 days (from his September 21, 2004 motion to continue the October 19, 2004 trial date until July 11, 2005, the next trial date that was not continued on his motion). Eight days (from July 11 to July 19, 2004) would be attributable to emergency, and one final day would be attributable to Relator's July 19, 2005 motion to continue the July 25, 2005 trial date, which the trial court granted. Consequently, 333 days (31 + 293 + 8 + 1) of the total 526 would be attributable to Relator's motions to continue, his acts, or an emergency, leaving 193 days. This period exceeds six months, also. Therefore, under either method of counting delay, Relator would be entitled to release on his own recognizance pending trial.

In a September 27, 2004 order, the trial court ruled that Relator "acquiesced" in the October 19, 2004 trial setting by not objecting when that trial date was set at a pretrial conference on May 7, 2004. R. 16. We have held that when a trial court, acting within the one-year time limit of Criminal Rule 4(C), schedules trial to begin beyond the one-year limit, the defendant must make a timely objection to the trial date or waive his right to a speedy trial under that rule. Vermillion, 719 N.E.2d at 1204. However, the right to be *tried* within a certain time period or discharged—which is protected by both Criminal Rule 4(B) (seventy-day rule) and 4(C) (one-year rule)—is different than the right to be *released* on one's own recognizance pending trial once the defendant has been detained for more than six months without a trial. While the scheduling of a trial date beyond the time limits in Criminal Rule 4(B) and 4(C) may be inconsistent with those rules and result in

"acquiescence" when the defendant does not object at the first opportunity, there is nothing about the scheduling of a trial for a date beyond the six-month period in Criminal Rule 4(A) that is inconsistent with a defendant's assertion of his right to release on his own recognizance once the six months pass. Although language in some cases has suggested a defendant waives his right to release by not timely objecting when a trial is scheduled for a date outside the six-month period, *see* Mills v. State, 512 N.E.2d 846, 850 (Ind. 1987) (citing Bowens v. State, 481 N.E.2d 1289 (Ind. 1985), such language appears to be dicta because the defendants in those two earlier cases appealed *after* being convicted, when the issue whether they were entitled to release prior to trial had become moot, and this Court specifically found the Criminal Rule 4(A) issue moot in each case. Mills, 512 N.E.2d at 850; Bowens, 481 N.E.2d at 1290.

Finally, we note that despite the plain language in Criminal Rule 4(A) exempting from the six-month period delay attributable to a defendant's motion for continuance, language in some cases states that delay attributable to such continuances may be charged against the State if the defendant moved for a continuance because of the State's failure to respond to discovery requests. *See, e.g.*, Stephenson v. State, 742 N.E.2d 463 (Ind. 2001); Biggs v. State, 546 N.E.2d 1271, 1274 (Ind. Ct. App. 1989). When granting Relator's July 19, 2005 motion for continuance of the July 25, 2005 trial setting, the trial court purported to "charge[] the State with the delay." R. 36. We understand this to mean that the trial court intended that the defendant not be charged with this delay. We need not decide whether this finding was proper where the calculations above show that Relator is entitled to release regardless of whether Relator was or was not charged with that delay.

It is therefore ORDERED that the Respondents, the Tipton Circuit Court and the Honorable Thomas R. Lett, as Judge thereof, grant the "Motion for Release Upon Own Recognizance" that the Relator filed under Indiana Criminal Rule 4(A) on July 19, 2005, in the underlying case. No petitions for rehearing or motions to reconsider may be filed. *See* Original Action Rule 5(C).

The Clerk is directed to serve certified copies of this order to the Honorable Thomas R. Lett, Judge of the Tipton Circuit Court, Third Floor, Courthouse, 101 E. Jefferson St., Tipton, IN 46072; Jay Rich, Prosecuting Attorney, 222 S. Main St., Tipton, IN 46072; Brent R. Dechert, 217 N. Main St., P.O. Box 667, Kokomo, IN 46903; Steve Carter, Attorney General of Indiana; and the West Group for publication in the bound volumes of this Court's decisions.

Done at Indianapolis, Indiana, this 26th day of August, 2005.


/s/ Randall T. Shepard
Chief Justice of Indiana


Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur. Boehm, J., concurs in result with a separate opinion.

3

Boehm, J., concurring in result.

        I concur, but note that it appears that the defendant may have agreed (or failed to object) to a trial setting that would have tolled the time for his release under <u>Mills v. State</u> and <u>Bowens v. State</u>. However, there is no response to the defendant's petition, and on this record I am uncertain precisely what occurred. I concur in the result for that reason.

        I agree that the majority accurately describes language from <u>Mills v. State</u> and <u>Bowens v. State</u> as dicta. However, it seems to me that construing the right to release pending trial under C.R. 4(A) in a manner out of synchronization with the right to be tried under C.R. 4 (B) and (C) produces an unnecessary complication and trap for unwary prosecutors and judges. <u>Mills</u> and <u>Bowen</u> establish a common timetable for both rules, and inadvertent release of individuals presenting a flight or security risk is not something we should encourage.

        Perhaps the rules should be amended to make clear that the right to release and the right to be tried are on the same timetable. In the meantime I would adhere to the <u>Bowen</u>/<u>Mills</u> language that produces that result, at least in most cases.