**STATE of Indiana ex rel. Scott F. LOGAN, Relator,**

v.

**The ELKHART SUPERIOR COURT NO. 3 and The Hon. George W. Biddlecome, As Judge Thereof, Respondents.**

No. 20S00–1204–OR–239.

Supreme Court of Indiana.

May 24, 2012.

*PUBLISHED ORDER GRANTING IN PART, AND DENYING IN PART, PETITION FOR WRIT OF MANDAMUS AND PROHIBITION*

Relator, by counsel, filed a petition for writ of mandamus and prohibition seeking relief under the Rules of Procedure for Original Actions. Relator alleges that on August 7, 2009, he was arrested on a criminal charge and that he has remained detained on that charge since then without a trial. He argues his right to a speedy trial has been violated. He requests a writ that would require Respondents to dismiss the criminal charge against Relator with prejudice or, in the alternative, order Relator released from jail on his own recognizance pending trial. Responses opposing issuance of the writ have been filed by the Hon. George W. Biddlecome, the Prosecuting Attorney, and the Attorney General of Indiana.

Each member of the Court has had an opportunity to review and consider the materials filed in this original action. Concluding that Relator is entitled to part of the relief he requests, three Justices vote to grant Relator's petition in part and deny it in part.

Indiana Criminal Rule 4 provides in relevant part:

> No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

C.R. 4(A); *see State ex rel. Bramley v. Tipton Cir. Ct.,* 835 N.E.2d 479 (Ind.2005) (granting writ requiring relator's release from jail under C.R. 4(A)). After reviewing the record and considering the parties' arguments, this Court determines that Relator has been "detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months," as that period is calculated under Criminal Rule 4(A), and that Criminal Rule 4(A) requires his release from jail.

Accordingly, the Court GRANTS relief in part by ordering that Relator be promptly released on his own recognizance, though he still may be held to answer for the criminal charge against him. *See* C.R. 4(A). The Court DENIES Relator's request for discharge from prosecution under Criminal Rule 4(C) and for dismissal based on an alleged violation of his constitutional right, without prejudice to Relator raising those issues in an appeal if he is convicted after a trial. This order is final and effective immediately. Motions to reconsider or petitions for rehearing are not allowed. Ind. Original Action Rule 5(C).

The Clerk is directed to send copies of this order to the Hon. George W. Biddlecome, Elkhart Superior Court, No. 3; Bodie J. Stegelmann, 130 N. Main Street, P.O. Box 575, Goshen, IN 46527; John A. Kindley, 123 South Michigan Street, P.O. Box 199, Lakeville, IN 46536; Curtis T. Hill, Prosecuting Attorney, and Susan A. Snyder, Deputy Prosecuting Attorney, 34th Judicial Circuit, 301 South Main Street, Suite 100, Elkhart, IN 46516; Gregory F. Zoeller, Attorney General of Indiana; and Andrew Kobe, Deputy Attorney General.

The Clerk of this Court is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

DICKSON, C.J., and SULLIVAN and RUCKER, JJ., concur.

DAVID and MASSA, JJ., dissent in part and vote to deny Relator's petition for writ of mandamus and prohibition in its entirety.