**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN L. MARCHAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1209-CR-431 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-0911-FB-096; 87D02-1009-FB-090

**September 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

In this discretionary interlocutory appeal, Brian L. Marchand ("Marchand") appeals from two orders—in two separate causes—denying his motions for discharge under Indiana Criminal Rule 4(C).

We affirm.

ISSUE

Whether the trial court erred by denying Marchand's two motions for discharge under Indiana Criminal Rule 4(C).

FACTS

On November 12, 2009, the State charged Marchand—under cause number 87D02-0911-FB-96 ("FB-96")—with (1) Class B felony possession of methamphetamine within 1,000 feet of a public park; (2) Class D felony possession of precursors with intent to manufacture; and (3) Class A misdemeanor possession of paraphernalia. Marchand was not arrested for the charges in FB-96 until January 6, 2010. On January 8, 2010, Marchand posted bond but then remained in custody on a hold for a Spencer County case.

The trial court held Marchand's initial hearing in FB-96 on January 8, 2010.[1] During Marchand's initial hearing, Marchand told the trial court that he was planning to hire private counsel, pending the result of his Spencer County case. Marchand asked the trial court to set a progress hearing in one month so he could resolve that other case.

At a February 19, 2010 progress hearing, Marchand informed the trial court that he had not yet hired counsel, and he requested additional time to hire an attorney. The

---

[1] Marchand's initial hearing also included charges from two additional causes—one with a Class B felony and the other with a Class D felony—that are not part of this appeal. These two causes were later dismissed, on the State's motion, in January and February 2011.

2

trial court granted Marchand's request and set the next progress hearing for March 19, 2010.

Marchand filed a motion to continue the March progress hearing, and the trial court granted Marchand's motion over the State's objection. At the April 9, 2010 progress hearing, Marchand requested a public defender. Marchand specifically requested Zach Winsett ("Attorney Winsett") because he was the same public defender representing Marchand in his Spencer County case. The trial court appointed Attorney Winsett and then set another hearing for May.

During the May 14, 2010 progress hearing, the parties agreed to set the next progress hearing for July 30, 2010. During that subsequent July 30th hearing, Attorney Winsett requested that the progress hearing be continued to September 3, 2010 because Marchand needed more time to consider a plea and wanted to take care of his Spencer County case before deciding on a plea. Marchand expressly agreed that he waived his rights to any Criminal Rule 4 objection to the time period between July 30 and September 3, 2010.

In August 2010, Marchand changed his public defender to Mark Phillips ("Attorney Phillips"). During the September 3, 2010 progress hearing, Attorney Phillips requested a continuance of the hearing until October 8, 2010 so he could get "up to speed" on all of Marchand's cases.[2] (Tr. 25).[3] The State requested the cases be set for

---

[2] Attorney Phillips also represented Marchand in the two additional causes (the Class B felony and Class D felony causes) as well as a probation revocation case from a 2007 Class C felony case. The September 3rd hearing also served as an initial hearing on the petition to revoke Marchand's probation from that 2007 cause.

3

trial. The trial court granted Marchand's request to continue the progress hearing to October 8, 2010 and did not set any trial dates.

Prior to that October progress hearing, Marchand was charged with additional crimes. On September 24, 2010, the State charged Marchand—under cause number 87D02-1009-FB-90 ("FB-90")—with (1) Class B felony dealing in methamphetamine; (2) Class C felony possession of methamphetamine over three grams and while in possession of a firearm; (3) Class C felony possession of precursors with intent to manufacture and while in possession of a firearm; (4) Class C felony possession of ammonia with intent to manufacture and while in possession of a firearm; (5) Class D felony maintaining a common nuisance; and (6) Class A misdemeanor resisting law enforcement. That same day, Marchand was arrested and had his initial hearing. During that initial hearing, Marchand stated that he wanted to see if Attorney Phillips would represent him in this new case. The trial court stated it would give Marchand an opportunity to verify his representation and then scheduled a progress hearing for FB-90 to occur with the FB-96 progress hearing on October 8, 2010.

At the October 8, 2010 hearing, Attorney Phillips entered an appearance for Marchand in FB-90. Attorney Phillips asked the trial court to reduce Marchand's bond, which the trial court denied. Attorney Phillips also requested the trial court to set another hearing for November 5, 2010 so that he could see how Marchand wanted to proceed in

---

[3] Because Marchand was ordered to supplement the record on appeal with the transcripts of all relevant hearings, there are two different transcript volumes. We will refer to the 119-page transcript volume—which contains transcripts of twenty-two different hearings—as "(Tr.)" and will refer to the 21-page transcript volume—which contains the transcript of August 10, 2012 Criminal Rule 4(C) hearing—as "(Tr. II)."

4

his two cases. Upon the parties' agreement, the trial court reset the progress hearing in both FB-96 and FB-90 for November 5, 2010.

At the November 5, 2010 hearing, Attorney Phillips informed the trial court that he was trying to find a long-term drug treatment option for Marchand and advised that he should have more information on that option by December 17, 2010. The State requested that the trial court set dates for the jury trials in FB-96 and FB-90. Marchand's attorney stated that he did not care about setting dates and that his availability for a first-setting jury trial would be in May. The State, however, insisted that the trial dates be set given the age of some of the pending cases.[4] After Attorney Phillips rejected various proposed February trial dates for the setting of the FB-96 trial, the parties ultimately agreed to set the jury trial for March 7, 2011. Then, after Attorney Phillips rejected numerous proposed April trial dates for scheduling the FB-90 trial, the parties finally agreed to May 16, 2011 as the jury trial date. The trial court set progress hearings in FB-96 and FB-90 for December 17, 2010.

During the December 17, 2010 progress hearing, Attorney Phillips again asked the trial court to reduce Marchand's bond and requested that it include a condition that Marchand go into a residential treatment program. The trial court denied the bond reduction request and confirmed that the next progress hearing was set for February 14, 2011.

Later, in January 2011, Marchand posted bond in FB-90 and FB-96. On January 28, 2011, the State moved to continue the May 16, 2011 trial in FB-90 due to the

---

[4] The trial court set a February 14, 2011 trial date for Marchand's other Class B felony case.

unavailability of an essential State's witness. On February 3, 2011, the trial court granted the State's continuance motion over Marchand's objection and set a progress hearing for February 11, 2011 so that the parties could reschedule the FB-90 trial date.

Marchand did not appear at the February 11th hearing. Upon Marchand's motion, the trial court continued the February 11th hearing to February 18, 2011.[5] During that February 18th hearing, Marchand indicated that he "ha[d] no objection to the [S]tate's motion to continue the trial date" in FB-90. (App. 5). Attorney Phillips then moved to continue the March 7, 2011 trial date in FB-96. Attorney Phillips informed the trial court that Marchand wanted to be evaluated for the drug court program and requested the trial court to delay Marchand's progress hearing to allow him time to complete the evaluation. The State indicated that it would not object to the drug court evaluation if Marchand waived his Criminal Rule 4 rights. Attorney Phillips agreed that the time "would be chargeable to the defense[,]" and Marchand agreed to waive his rights under Criminal Rule 4 as to the continuance of the trial dates. (Tr. 58). The parties then agreed to set the next progress hearing for March 4, 2011.

At the March 4, 2011 hearing, Attorney Phillips advised the trial court that the drug court evaluation was not yet complete and that the drug court would not make a final determination until a presentence investigation report ("PSI") had been prepared. The trial court ordered an updated PSI. When the State asked the trial court to reset the trial dates, Attorney Phillips asked the trial court to delay setting a trial date until a final determination on Marchand's drug court eligibility was entered. Attorney Phillips stated:

---

[5] Prior to this hearing, the State moved to dismiss the other Class B felony case and the Class D felony case.

6

Well, I don't want to set – I'll be very candid with you. I'm trying to eliminate setting three and four trials on days only to, you know, have them go off at the last minute. I really would prefer to see whether or not he's going to be eligible. And then if he isn't, then I don't have any problem setting them for trial. It's just wreaking havoc on my civil calendar and I really am trying to get away from that process, if possible.

(Tr. 64). The trial court stated that it was going to set the cases for trial and offered Marchand's attorney multiple potential trial dates in July and August 2011. Attorney Phillips, however, rejected these dates because they conflicted with his calendar. After Attorney Phillips agreed to September 12, 2011 for the jury trial in FB-96, the State also agreed to the date if Marchand was waiving any Criminal Rule 4 issues. The trial court stated that Marchand had already waived those rights during the last hearing. Attorney Phillips contended that Marchand's waiver applied only to the time period that it took to complete Marchand's evaluation for the drug court and not until the date the trial was set. The trial court reminded Attorney Phillips that the trial dates were being set with consideration for his calendar and then offered to set the trial for May. Attorney Phillips stated that he did not want an earlier trial date. The trial court stated that Marchand could not have it "both ways" and confirmed the September 12th trial date for FB-96. (Tr. 67). Thereafter, the parties agreed to and the trial court set September 26, 2012 as the trial date for FB-90.

The trial court held the next progress hearing on April 8, 2011. Marchand failed to appear at this hearing. Attorney Phillips asked the trial court to reschedule the progress hearing to May 6, 2011 so that Marchand could be present and because he had a meeting scheduled with the drug court. The State objected to rescheduling the progress

7

hearing. Additionally, the State asked the trial court to move the trial date in FB-96 to May 16, 2011 because the prosecutor had "some concerns" regarding the Criminal Rule 4 timing and because Marchand had disputed his waiver of Criminal Rule 4 rights at the previous hearing. (Tr. 71). The State indicated that it had no problem with the September trial date if Marchand was willing to waive the Criminal Rule 4 time until September. The trial court stated that Marchand had already waived any Criminal Rule 4 issue because the trial date had been set by agreement of the parties. Attorney Phillips disagreed and stated he would look into the timing issue but still wanted to continue the hearing. The State asserted that it wanted the trial date in FB-96 advanced to May 16 in order "to protect [the State's] CR-4 issues" and stated that Marchand could thereafter file a continuance. (Tr. 73). Attorney Phillips stated that he was not available on May 16 and then stated, "So, I mean if you want to set it some other day, I don't care. I mean that assumes there's a CR-4 issue. I don't know that there is. I have no idea." (Tr. 73). The trial court denied the State's request to advance the trial date and granted Marchand's request to continue the progress hearing to May 6, 2011.

At the May 6, 2011 hearing, the parties did not discuss Criminal Rule 4. Instead, Attorney Phillips updated the trial court on the progress of Marchand's eligibility evaluation for drug court. The parties agreed to a further progress hearing on June 10, 2011. During that June hearing, Attorney Phillips informed the trial court that Marchand was scheduled to meet with Warrick County Community Corrections on June 15, 2011, and he asked that the trial court set a further progress hearing for July 15, 2011.

8

On June 16, 2011, the trial court received notice from Warrick County Community Corrections, indicating that Marchand had failed to appear for his appointment and that Marchand was ineligible for the program due to a prior battery conviction.

Before Marchand's next progress hearing, he was charged with another crime. On July 12, 2011, Marchand was charged with multiple charges, including Class A felony burglary, a Class C felony crime,[6] and Class D felony criminal confinement in cause number 87D02-1107-FA-315 ("FA-315"). That same day, the State moved to revoke Marchand's bond in causes FB-96 and FB-90. The trial court granted the motion and revoked Marchand's bond in both causes during the July 15, 2011 progress hearing.[7] Also during that hearing, Marchand requested a speedy trial in FA-315. The trial court scheduled a jury trial in FA-315 for August 22, 2011 and a backup date of August 29, 2011.

After the completion of Marchand's trial in FA-315, during which Marchand was found guilty of Class A felony burglary and other crimes,[8] the trial court scheduled September 19, 2011 as the date for a progress hearing for FB-96 and FB-90 and a sentencing hearing for FA-315.

---

[6] The record before us does not reveal the exact nature of the crime except that it was a Class C felony.

[7] Marchand agreed to the State's petition to revoke bond.

[8] The record on appeal does not specify Marchand's other convictions in FA-315.

On September 6, 2011, the State filed a motion to continue the September 12, 2011 trial date in FB-96 due to a congested court calendar and asked that trial date be set for the earliest available date. The trial court granted the State's motion.[9]

On September 19, 2011, the State filed a motion to continue the September 26, 2011 trial date in FB-90 due to the unavailability of an essential State's witness, and the State asked that trial date be set for the earliest available date. During the September 19, 2011 progress hearing, the trial court granted the State's continuance motion over Marchand's objection. The trial court did not sentence Marchand in FA-315 during the September 19th hearing because Marchand had filed a motion to set aside one of the verdicts in FA-315. When the trial court discussed the need to reschedule the FB-96 and FB-90 trial dates, Marchand's attorney stated that he "would rather wait until we see what happens in the FA-315 case because dependent upon what occurs there may influence what occurs in these cases." (Tr. 92). The State indicated that it wanted to set trial dates. The trial court set a progress hearing for October 3, 2011 to reset the trial dates in both causes and to address the motion in FA-315.[10]

Thereafter, the parties later agreed to continue the October 3rd hearing to October 10, 2011. During this October 10th hearing, the trial court addressed the issue in FA-

---

[9] The CCS does not contain an entry showing that the State's continuance was granted, but the transcript from the progress hearing held on September 19th indicates that the September 12th trial in FB-96 was vacated because of "calendar congestion" and a jury trial held that week. (Tr. 92).

[10] Marchand's 2007 probation revocation case was also discussed in the September 19th hearing and set for further hearing with the other cases.

315.[11]  The State requested the trial court to schedule the trial dates in FB-96 and FB-90. Because the hearing on the issue in FA-315 went longer than scheduled, the trial court did not have time to schedule the trial dates in FB-96 and FB-90. The trial court set a progress hearing for November 4, 2011 to schedule the trial dates.

Upon Marchand's motion and over the State's objection, the trial court rescheduled the November progress hearing to December 16, 2011. During this December 16th hearing, Attorney Phillips advised the trial court that Marchand wanted to be reevaluated for drug court. The State indicated that it was not opposed to Marchand seeking evaluation for drug court but stated that it wanted the trial court to set the trials in the two causes. When the trial court discussed setting a trial date for FB-96, Attorney Phillips stated that he was "in September." (Tr. 100). The trial court then proposed several trial dates in June and July, which Attorney Phillips rejected. Ultimately, the parties agreed to schedule the FB-96 jury trial for August 27, 2012 and further agreed to schedule the FB-90 jury trial for September 24, 2012.[12]  Marchand's attorney moved the trial court to set a bond in both causes. Over the State's objection, the trial court granted the motion and set bond at $5,000 cash in each cause.

On February 17, 2012, the trial court held a progress hearing. The transcript from that hearing indicates that Marchand, the prosecutor, and the trial judge held a pre-trial

---

[11] The details of the FA-315 issue are unknown because the trial court reporter "omitted" the discussion of the FA-315 issue from the transcript "as not related to cases on appeal." (Tr. 95). However, the limited information included reveals that the trial court granted Marchand's motion to vacate Count I in FA-315, the Class A burglary count, and reset the trial for that charge for December 12, 2011.

[12] The CCS specifically provides that the trial dates were set "[b]y agreement of the parties[.]" (App. 9, 25).

11

conference prior to the hearing, during which Marchand and the State seemingly engaged in some plea discussions. Attorney Phillips stated that "based on the discussions that we've had, . . . [Marchand was] very interested in what we talked about[,]" and he asked the trial court to order a determination of credit time. (Tr. 108). The trial court set a progress hearing for March 2, 2012, and Attorney Phillips stated, "If it goes as I hope it does, it would be our intention at that point to resolve the cases as we have discussed." (Tr. 109).

Plea negotiations apparently broke down on the day of the March 2, 2012 progress hearing. At the beginning of the hearing, the trial court stated that Marchand and the State had held a pre-trial conference just prior to the hearing. Attorney Phillips told the trial court that the plea offer discussed in that pre-trial conference was different than what was discussed in the February conference.[13] Attorney Phillips stated that he was "astonished" and was likely going to file a motion to have the trial court enforce the plea discussions from the February conference. (Tr. 113). Attorney Phillips also stated that he was "going to see if [he could] find a CR-4 basis to get these dismissed." (Tr. 115).

Thereafter, on April 5, 2012, Marchand filed two separate motions for discharge under Criminal Rule 4(C) in causes FB-96 and FB-90. In the State's response to Marchand's discharge motion, it first argued that Marchand's motions should be denied because they were premature. The State also argued that the one-year limit had been

---

[13] Marchand's attorney stated that in the February conference the parties had discussed Marchand serving six years executed at either the Warrick County Security Center or on work release with twelve years on probation and the ability to leave the country to live with his father in the Philippines. Attorney Phillips then stated that, during the March conference, the State had indicated that Marchand would have to plead to both B felonies from each cause and serve that time on an executed, consecutive basis.

extended by Marchand's actions and that he had waived any speedy trial objection to the trial dates by acquiescing in the setting of the trial dates. In June 2012, the trial court allowed Marchand to file a motion clarifying the number of days he contended should be charged to the State for purposes of his motion for discharge under Criminal Rule 4(C).

On August 10, 2012, the trial court held a hearing on Marchand's motions for discharge in FB-96 and FB-90 and denied both motions. Specifically, during the hearing, the trial court stated that it was denying the motions, without regard to calculation of days, because Marchand had expressly agreed to the trial dates in FB-96 and FB-90 during the December 16, 2011 hearing and had therefore waived any Criminal Rule 4 objection. At the end of the hearing, Marchand stated he wanted to appeal the trial court's interlocutory ruling, and he moved to vacate the two trial dates. The trial court granted the oral motions to vacate the trial dates.

Thereafter, Marchand filed a motion requesting the trial court to certify its interlocutory orders in FB-96 and FB-90. In his motion, Marchand stated that he was seeking certification because the trial court had inappropriately placed the burden of ensuring a speedy trial on him by relying on local rules and requiring him to notify the trial court within ten days of whether or not he intended to go to trial. The trial court granted the motion and certified its orders. Thereafter, the State filed a motion seeking clarification of the trial court's interlocutory order, pointing out that there was no local rule and nothing in the record to support Marchand's statement that the trial court had required Marchand to indicate his readiness for trial within ten days. The trial court then

13

issued a CCS entry, affirming that "no such rule exists for this court." (App. 13, 28, 132).

In the meantime, Marchand filed a motion requesting this Court to accept jurisdiction over his interlocutory appeal. In his motion, Marchand alleged that the trial court had inappropriately placed the burden of ensuring a speedy on him by relying on local rules and requiring him to notify the trial court within ten days of whether or not he intended to go to trial. Based on Marchand's motion, we accepted jurisdiction over this interlocutory appeal.

After Marchand filed his appellate brief, the State filed a motion to compel Marchand to file a complete transcript and a conforming appendix. In its motion, the State indicated that Marchand's appendix did not comply with the Indiana Appellate Rules because it did not contain the entirety of the clerk's record for both of the underlying causes. The State also asserted that Marchand's request for only the discharge hearing was inadequate and that the transcripts from the progress hearings were also necessary to review his Criminal Rule 4(C) claims. This Court granted the State's motion and ordered Marchand to submit a conforming appendix containing the entirety of the clerk's record in FB-96 and FB-90 as well as a complete transcript of all hearings. Thereafter, the trial court reporter transcribed and filed the hearings from the two causes, and Marchand filed an amended Appellant's Appendix that contained the clerk's record from both causes.[14]

---

[14] Marchand, however, failed to comply with Appellate Rule 50(C) when submitting his amended appendix. First, Marchand's table of contents simply lists that the appendix contains the "Clerk's Record" for FB-96 and FB-90—which consists of 136 and 169 pages, respectively—but does not

We now turn to the issue in this interlocutory appeal.

## DECISION

Marchand argues that the trial court erred by denying his motions for discharge under Indiana Criminal Rule 4(C) in causes FB-96 and FB-90. Specifically, he contends that he was entitled to discharge under Criminal Rule 4(C) because he was not brought to trial within 365 days from the date he was charged and arrested in each cause.

A defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012). Criminal Rule 4(C) sets forth the time limits for which a defendant must be brought to trial and provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Subsection (F) of Criminal Rule 4 provides in part that "[w]hen a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation

---

"specifically identify each item contained in the Appendix" as required by Rule 50(C). Additionally, contrary to Rule 50(C), Marchand's table of contents does not specify the date for any of the items that are listed in his Appendix. Finally, Marchand included a copy of the transcript of the August 2012 discharge hearing in the Appendix despite Appellate Rule 50(F)'s advisement against such action. Marchand's failure to comply with these appellate rules has impeded our review in this appeal.

contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby."

Criminal Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The one-year period is extended by any delay due to: (1) a defendant's motion for a continuance; (2) a delay caused by the defendant's act; or (3) congestion of the court calendar. *Isaacs v. State*, 673 N.E.2d 757, 762 (Ind. 1996). "[W]hen a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook*, 810 N.E.2d at 1066–67. "A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." *Pelley v. State*, 901 N.E.2d 494, 498 (Ind. 2009), *reh'g denied. See also State v. Black*, 947 N.E.2d 503, 507 (Ind. Ct. App. 2011) (explaining that when "the defendant seeks or acquiesces in a delay, the one-year time limit is extended by the length of such delay"). "The objective of [Criminal Rule 4] is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000). We review a trial court's ruling on a Criminal Rule 4(C) motion for abuse of discretion. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011).

"The duty to bring the defendant to trial within one year rests with the State, and the defendant has no duty to remind either the State or the trial court concerning the State's duty." *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012), *trans. denied.*

16

However, "a defendant waives his right to a speedy trial if the defendant is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and the defendant does not object to the trial date." *Black*, 947 N.E.2d at 507. Our Indiana Supreme Court has explained that "when a trial court, acting within the one-year time limit of Criminal Rule 4(C), schedules trial to begin beyond the one-year limit, the defendant must make a timely objection to the trial date or waive his right to a speedy trial under that rule." *State ex rel. Bramley v. Tipton Circuit Court*, 835 N.E.2d 479, 481 (Ind. 2005) (citing *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999), *reh'g denied*); *see also Brown*, 725 N.E.2d at 825 (explaining that "if the time period provided by the rule has not expired and a trial date is set for a date beyond that period, a timely objection must be made"). "As such, it is the defendant's 'obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue.'" *Todisco*, 965 N.E.2d at 755 (quoting *Hood v. State*, 561 N.E.2d 494, 496 (Ind. 1990)).

The State asserts that Marchand's "actions throughout this period are inconsistent with the desire to be brought to trial in a timely fashion and either caused or acquiesced in delays in setting a trial." (State's Br. 19). The State argues that Marchand has waived any challenge to Rule 4(C) because he did not timely object to the trial dates. "A defendant waives his right to be brought to trial within the period by failing to raise a timely objection if, during the period, the trial court schedules trial beyond the limit." *Pelley*, 901 N.E.2d at 498-99. "However, a defendant has no duty to object to the setting of a belated trial date if the setting occurs after the year has expired." *Id.*

17

In FB-96, Marchand was charged on November 12, 2009 and was arrested on January 6, 2010. Thus, the one-year period under Criminal Rule 4(C) began to run on January 6, 2010. *See* Crim. R. 4(C). Notwithstanding any delays attributable to Marchand or due to court congestion, the State was required to bring Marchand to trial by January 6, 2011 to comply with the rule. On December 16, 2011, the trial court scheduled the most recent trial date in FB-96 for August 27, 2012.

In FB-90, the Rule 4(C) period was triggered by Marchand's charges and arrest that occurred on Sept 24, 2010. Therefore, notwithstanding any delays attributable to Marchand or due to court congestion, the State was required to bring Marchand to trial by September 24, 2011 to comply with the rule. On December 16, 2011, the trial court scheduled the trial date in FB-90 for September 24, 2012.

The State correctly acknowledges that waiver would apply only if the December 16, 2011 hearing date—during which the trial court scheduled the August 27, 2012 trial date in FB-96 and the September 24, 2012 trial date in FB-90—was within the one-year period. Thus, the State contends that Marchand has waived any Criminal Rule 4(C) challenge to his trial dates because—after calculating the number of delays attributable to Marchand—the December 11, 2011 hearing date was within the one-year period and because he did not timely object and instead acquiesced when he agreed to the trial dates.

Thus, for purposes of this appeal, if the total number of days of delay attributable to Marchand and court congestion were such that December 16, 2011—the date that the trial court scheduled the August 27, 2012 trial in FB-96 and the September 24, 2012 trial in FB-90—was within the Rule 4(C) period, then Marchand waived his claim by failing

18

to object to the trial settings because the one-year limitation had not expired when that trial date was set.[15] *See Pelley*, 901 N.E.2d at 498-99. On the other hand, if total number of days of delay did not equate to enough days to bring December 16, 2011 within the Rule 4(C) period, then Marchand was not required to object. *See id.* at 499.

Marchand generally asserts that he "believes" the trial court erred by denying his motions for discharge. (Marchand's Br. 8, 10). However, he makes no cogent argument to support that belief. Marchand mentions that he had no duty to object because December 16, 2011 was more than 365 days after his charging and arrest. Nevertheless, Marchand does not attempt to calculate the number of days of delay attributed to either party in order to determine whether the December 16 date fell within the applicable time period. In fact, Marchand ignores any delays attributable to him and fails to acknowledge that he expressly waived Criminal Rule 4 issues on multiple occasions during the course of the proceedings.[16] Instead, Marchand focuses on whether the *trial dates* were scheduled within 365 days of his charges and arrest, and he merely asserts that he is entitled to discharge because he "was not brought to trial within 365 days" of the dates that he was charged and arrested in FB-96 and FB-90. (Marchand's Br. 4, 5).

---

[15] The December 16, 2011 date was 344 days beyond the one-year period date of January 6, 2011 in FB-96 and 83 days beyond the one-year period of September 24, 2011 in FB-90.

[16] Marchand also argues that he cannot be charged with any delay that he may have caused prior to the time the trial court set the initial trial date. However, this argument, and the cases cited by Marchand to support the argument, have been disapproved by our Indiana Supreme Court in *Cook v. State*, when the Court clarified that delays caused by actions of the defendant are chargeable to the defendant regardless of whether a trial date has been set. *Cook*, 810 N.E.2d at 1066–67.

19

Here, however, there is no dispute that the trial dates set by the trial court were beyond the one-year date of Marchand's charge and arrest in FB-96 and FB-90.[17] The relevant question in this appeal is whether Marchand waived his right to be discharged, which includes the necessity of determining the total number of days of delay attributable to Marchand and court congestion that extended the one-year period. "When a defendant makes a motion for discharge pursuant to Criminal Rule 4, the burden is on the defendant to show that he has not been timely brought to trial and that the defendant is not responsible for the delay." *Feuston v. State*, 953 N.E.2d 545, 548 (Ind. Ct. App. 2011). Marchand has failed in that burden by failing to provide cogent argument to show that he is not responsible for the delay and that the December 16, 2011 date that the trial court scheduled the trial dates was a day that was beyond the one-year period, thereby eliminating the requirement that he object to the trial dates. Because Marchand has failed to provide cogent argument to support his claim of error, he has waived appellate review of such claim. *See* App. R. 48(A)(8)(a); *see also Jensen v. State*, 905 N.E.2d 384, 395 (Ind. 2009) (waiving defendant's argument on appeal due to lack of cogent argument); *Sipe v. State*, 690 N.E.2d 779, 781 (Ind. Ct. App. 1998) (holding that defendant who failed to present cogent argument waived his speedy trial argument on appeal).

Waiver nothwithstanding, the record before us reveals that there were more than 344 days of delay attributable to Marchand in FB-96 and more than 83 days of delay attributable to Marchand in FB-90 that would have extended the one-year period in each

---

[17] The August 27, 2012 trial date in FB-96 was 599 days beyond Marchand's date of arrest, and the September 24, 2012 trial date in FB-90 was 365 days beyond his charge and arrest.

20

cause such that the December 16, 2011 hearing date fell within the one-year period of Criminal Rule 4(C). Thus, because the December 11, 2011 hearing date—during which the trial court scheduled the August 27 and September 24, 2012 trial dates—was within the one-year period and because Marchand did not timely object and instead acquiesced to the delay, he has waived any claim to discharge under Criminal Rule 4(C). *See, e.g.*, *Cook*, 810 N.E.2d at 1068 (holding that defendant's motions, which included scheduling conflicts of defendant's counsel, were attributable to the defendant and extended the one-year limit); *Todisco*, 965 N.E.2d at 755-56 (explaining that "a defendant may not sit idly by during the permissible one-year period while the trial court sets a trial date outside the parameters of Criminal Rule 4(C)" and that "[t]o do so constitutes acquiescence"); *Black*, 947 N.E.2d at 509 (holding that the defendant had "waived his right to be discharged under Criminal Rule 4(C)" where he acquiesced to the delay and agreed to a new trial date outside the parameters of Criminal Rule 4(C)); *Werner v. State*, 818 N.E.2d 26, 32 (Ind. Ct. App. 2004) (affirming the trial court's interlocutory order denying defendant's Criminal Rule 4(C) motion for discharge where defendant waived his Rule 4(C) argument by failing to object when, on a date within the one year period, the trial court set a trial date outside the one-year period), *trans. denied*. Accordingly, we affirm the trial court's order denying Marchand's motion for discharge under Criminal Rule 4(C). [18]

---

[18] Marchand also argues that, in FB-96, he was entitled to discharge pursuant to Criminal Rule 4(A). We disagree with Marchand's argument and conclude that he has waived any argument regarding Rule 4(A). Criminal Rule 4(A) provides, in relevant part:

Affirmed.

CRONE, J., and BARNES, J., concur.

---

> No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) . . . Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

Thus, as explained in the rule itself, any remedy for a violation of Rule 4(A) is release on recognizance pending trial, not discharge. Marchand claims that his motion for discharge in FB-96 included an argument addressing Criminal Rule 4(A). However, Marchand's motion contains no such argument. Indeed, the record reveals that Marchand has never raised a Rule 4(A) objection. Accordingly, he has waived any argument on appeal. *See Mills v. State*, 512 N.E.2d 846, 850 (Ind. 1987) (holding that defendant waived argument regarding Criminal Rule 4(A) by failing to object).