**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denham & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN M. GRESKO.,      )
      )
   Appellant-Defendant,      )
      )
     vs.      )   No. 90A04-1404-CR-196
      )
STATE OF INDIANA,      )
      )
   Appellee-Plaintiff.      )

APPEAL FROM THE WELLS COUNTY CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1210-FD-82

**November 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

John M. Gresko ("Gresko") appeals his conviction and sentence for Escape, a Class D felony.[1]  We affirm.

**Issues**

Gresko presents two issues for review:

I.  Whether sufficient evidence supports his conviction; and

II.  Whether his sentence is inappropriate.

**Facts and Procedural History**

Having been convicted of being a Habitual Traffic Violator ("HTV"), on March 8, 2012, Gresko signed a contract governing his court-ordered participation in the Wells County Community Corrections ("WCCC") program.  Pursuant to the contract, Gresko was to remain at his residence unless given permission to leave by WCCC staff.  Weekly schedules were drafted in advance; changes could be authorized by telephone.

On September 26, 2012, at around 7:00 p.m., WCCC home detention officer Robert Frantz ("Frantz") went to Gresko's residence to do a routine check.  Frantz noticed that, when he pulled into the driveway, there was no signal from Gresko's electronic monitoring bracelet indicating his presence at the residence.  Frantz spoke with Gresko's sister, who stated that Gresko was at work.  Frantz asked if Gresko had obtained employment and Gresko's sister then said that Gresko had gone to obtain medicine for a family member.

---

[1] Ind. Code § 35-44.1-3-4(b) (2012).  This offense is now a Level 4, 5, or 6 felony.  We refer to the version of the statute in effect at the time of Gresko's crime.

2

Frantz contacted his supervisor and three WCCC case managers to inquire whether any of them had given Gresko permission to be absent from his residence. Each advised Frantz that they had not done so. Frantz ran a computer check on Gresko's electronic monitoring device and located Gresko at an apartment complex.

On October 4, 2012, the State charged Gresko with Escape by knowingly or intentionally violating a home detention order. At the conclusion of a jury trial, Gresko was convicted as charged. He was sentenced to three years imprisonment. He now appeals.

**Discussion and Decision**

Sufficiency of the Evidence

The State alleged that Gresko committed Escape by knowingly or intentionally violating a home detention order. I.C. § 35-44.1-3-4(b); App. 9. Gresko claims that, although he admittedly was absent from his residence, the State failed to establish the requisite criminal intent.

The standard by which we review alleged insufficiency of the evidence to support a criminal conviction is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (emphasis added). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. Wright v. State, 828 N.E.2d 904 (Ind. 2005). To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." Id. Appellate courts affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind.

3

2000) (emphasis added). It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." Moore v. State, 652 N.E.2d 53, 55 (Ind. 1995). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001).

Drane v. State, 867 N.E.2d 144, 146-47 (Ind. 2007).

Pursuant to Indiana Code Section 35-41-2-2, a person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. He engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. "Intent is a mental function and, absent an admission, it must be determined from a person's conduct and the natural consequences of such conduct." Mills v. State, 512 N.E.2d 846, 848 (Ind. 1987).

Frantz testified to the following. He went to Gresko's residence to do a routine check, found that Gresko was not there, and was given conflicting explanations for Gresko's absence. Frantz then called his supervisor Scott Turmail ("Turmail"), who advised that Gresko's schedule had not been changed. At Turmail's direction, Frantz called WCCC case managers Lorraine Mettler ("Mettler"), Missy Smith ("Smith"), and Mike Gerwig ("Gerwig") to determine if a change had been authorized via telephone communication. Frantz received information that none of them had changed Gresko's schedule and reported back to Turmail. Frantz then ran a computer check and located Gresko at an apartment complex. Frantz later communicated with Gresko, who claimed that Smith had approved a schedule change.

4

Smith testified and denied that she gave Gresko permission to be out at 7:00 p.m. Her examination of Gresko's schedule indicated he might be attending school "but other than that nothing." (Tr. 25.) Mettler, Turmail, and Gerwig also testified, each denying having given Gresko permission to be absent from home on the date in question. Finally, Gresko testified and acknowledged having made the statement to Frantz: "I did not call in before I left my house and know I should have called to have it approved." (Tr. 40.) This is sufficient evidence from which the jury could conclude that Gresko acted knowingly or intentionally when he violated a home detention order.

## Sentencing

Upon conviction of a Class D felony, Gresko was subject to a sentence of between six months and three years, with one and one-half years as the advisory term. I.C. § 35-50-2-7.[2] As such, Gresko received a maximum sentence. When imposing this sentence, the trial court found Gresko's criminal history and his violation of parole to be aggravators, and recognized no mitigators.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

---

[2] This statutory provision was modified, effective July 1, 2014, to include the penalty for level 6 felonies.

5

offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The nature of Gresko's offense is that he violated a term of his home detention by leaving his residence without permission. Because of Gresko's unauthorized absence, it became incumbent upon Gresko's sister to communicate with the WCCC home detention officer.

Gresko has a substantial criminal history. He has prior felony convictions for Robbery and being a HTV. He has several misdemeanor convictions, including those for Check Deception, Possession of Marijuana, and Operating a Vehicle Without a License. He also has a HTV conviction as a misdemeanor. He has violated the terms of his parole, probation, and community corrections placement. Gresko's history indicates an inability to benefit from rehabilitative efforts short of incarceration.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

**Conclusion**

Gresko's conviction for Escape is supported by sufficient evidence. His three-year sentence is not inappropriate.

Affirmed.

NAJAM, J., and PYLE, J., concur.