**Willie J. HAYES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9108–CR–259 [1].**

Court of Appeals of Indiana,
First District.

April 28, 1992.

Transfer Denied June 17, 1992.

---

1. *This case was transferred to this office by* order of the Chief Judge on March 26, 1992.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Willie J. Hayes appeals from the revocation of his probation following his conviction for Burglary[2], a Class B felony. We affirm.

## ISSUE

Did the trial court err in finding that Hayes was on probation when he violated a condition of probation?

## FACTS

On May 7, 1987, Hayes pleaded guilty to burglary, pursuant to a plea agreement. The trial court accepted the plea, and sentenced Hayes to a term of six years suspended on the condition he serve two years of probation. Conditions of Hayes's probation were explained to him, and Hayes agreed to comply. As one of the conditions of his probation, Hayes agreed to "... obey all local, state and federal laws." Record at 39. Hayes's probation was to expire May 7, 1989.

On February 28, 1988, Hayes was arrested for visiting a common nuisance, and on June 3, 1988, he was arrested for criminal conversion. On June 16, 1988, the probation department filed its first notice of probation violation, and a warrant was issued for Hayes's arrest. Subsequently, both criminal charges against Hayes were dismissed. On December 9, 1988, the probation department moved to dismiss the first notice of probation violation.

On April 4, 1989, the probation office filed a second notice of probation violation, stating that Hayes had again been arrested for violating the law.[3]

A third notice of probation violation was filed on April 5, 1989, after Hayes was arrested on burglary and robbery charges. A jury found Hayes not guilty on January 11, 1990. On January 17, 1990, the probation department requested the trial court to release Hayes from jail and to extend his probation until May 7, 1991, to allow Hayes to pay his court ordered debt. The court granted these requests.

Thereafter, Hayes was arrested on another criminal charge, and the probation department filed its fourth notice of probation violation, on January 30, 1991. On April 19, 1991, a jury found Hayes guilty of theft.

A probation revocation hearing was held on May 3, 1991. The trial court found that Hayes had violated the conditions of his probation; and therefore, his probation was revoked. Hayes appeals the revocation.

## DISCUSSION AND DECISION

Hayes argues that the trial court was not authorized to revoke his probation because

---

2. IND.CODE § 35–43–2–1.

3. No information on the disposition of this charge is contained in the record.

the period of probation expired on May 7, 1989, and the violation of law for which his probation is being revoked occurred on January 16, 1991. Hayes contends that when charges pending against a probationer are dismissed or he is found not guilty, the period of time required to reach a final determination of the charges[4] should not be tolled and added to the period of probation, but rather, the probationer should be credited with this time.

 Hayes correctly points out that once a probationer's term of probation has expired, the court loses jurisdiction over that person. *See White v. State* (1990), Ind., 560 N.E.2d 45, 46. Thus, we must determine whether Hayes's probation had previously expired when the trial court found him in violation of the conditions thereof and revoked his probation. IND. CODE § 35-38-2-3 provides:

"(b) When a petition is filed charging a violation of a condition of probation the court may:

(1) order a summons to be issued to the person to appear; or

(2) order a warrant for the person's arrest if there is risk of the person fleeing the jurisdiction or causing harm to others.

(c) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge."[5]

Hayes admits "the statute simply requires tolling the period and does not differentiate between charges that result in conviction and those, as in the present case, that do not result in conviction." Appellant's Brief at 8. However, he urges us to find that the statute does not apply to his case because the probation department ultimately dismissed the charges against him. We cannot so find. A statute must be held to mean what is clearly and plainly expressed therein. *Vanderburgh County v. West* (1991), Ind.App., 564 N.E.2d 966, 967,

*trans. denied.* By the plain and unambiguous language of I.C. § 35-38-2-3(c), the issuance of a summons or warrant tolls the period of probation until the final determination of the charge. *Alley v. State* (1990), Ind.App., 556 N.E.2d 15, 16, *trans. denied.*

 On May 7, 1987, Hayes pleaded guilty to burglary, a Class B felony, and was sentenced to a term of six years suspended with two years of probation. Thus, Hayes's probation was originally due to terminate on May 7, 1989. On June 16, 1988, the probation department filed its first notice of probation violation against Hayes and a warrant was issued for his arrest. This charge of probation violation was dismissed on December 9, 1988. Thus, from the date the warrant was issued until the date the charge of violation was dismissed, Hayes's period of probation was tolled for 146 days. The second notice of probation violation was filed on April 4, 1989, and a warrant was issued for Hayes's arrest. A third notice of probation violation was filed on April 5, 1989. These notices of probation violation were dismissed on January 17, 1990. Hayes's probation period was again tolled for an additional period of 228 days. Thus, Hayes's probation was tolled for a total period of 434 days or until July 15, 1990.

On January 17, 1990, while Hayes was still on probation, the probation department requested the trial court to extend Hayes's period of probation until May 7, 1991, to allow Hayes to comply with the terms of probation. The trial court's finding of fact number six (6) states that the court granted the request to modify Hayes's probation on January 17, 1991, although the case chronology shows that it was granted on January 17, 1990; this finding also shows the court extended the probation until May 7, 1990, although the case chronology shows it was extended, as requested, until May 7, 1991. *See* Record at 2 and 81. Clearly, the dates in the trial court's find-

---

4. We note that Hayes mistakenly refers to the underlying charges that constituted a violation of the probation; whereas, IND.CODE § 35-38-2-3(b) & (c) refer to the actual charge of violating a condition of probation. The period of time tolled by statute is from issuance of a

summons or warrant for the probation violation until the final determination of the charge of violating a condition of probation. *See* § I.C. 35-38-2-3(c).

5. Formerly I.C. § 35-38-2-3(a) & (b).

ing of fact number six (6) are typographical errors. It is illogical to think the trial court would have granted a request to extend Hayes's probation eight months after the extension terminated.

Accordingly, Hayes was on probation when the probation department filed its fourth notice of probation violation on January 30, 1991, alleging that Hayes had been arrested for burglary and theft. Hayes was ultimately convicted of theft on April 19, 1991. Thus, the trial court had jurisdiction to revoke Hayes's probation for violating a condition of the probation imposed on May 7, 1987.

Affirmed.

CONOVER and MILLER, JJ., concur.

