Brent D. SHARP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0309–CR–769.

Court of Appeals of Indiana.

May 3, 2004.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Brent Sharp appeals the revocation of his probation. Specifically, he argues that the trial court erred in overruling his motion to dismiss the petition to revoke his probation and that it was unconstitutional for the trial court to order him to submit a DNA sample. Finding that the petition to dismiss was untimely but that Sharp waived his constitutional argument, we affirm in part and reverse in part.

### FACTS

On September 9, 1999, Sharp was convicted of burglary, and was sentenced pursuant to a plea agreement on December 2, 1999. Sharp was given a three-year suspended sentence, and he was placed on probation that was to end on December 2, 2002. The conditions of that probation included payment of restitution to the victim, completion of a drug treatment program, and fulfillment of all child support obligations.

On June 30, 2003, Probation Officer Marion Townsend filed a Petition for Revocation of Probation, alleging that Sharp had failed to pay restitution, that he had failed to complete the drug treatment program, that he was found in contempt of court on June 2, 2003, because he failed to pay child support, and that he had been charged with several crimes after his pro-

bationary period had ended. Although Townsend knew of all these violations at or near the time they occurred, Deputy Prosecutor Diane Frye did not learn about them until June 20, 2003.

Sharp moved to dismiss the petition as untimely on August 21, 2003, alleging that three of the bases that the State alleged to support the petition for revocation occurred after the probationary period ended and that the probation officer knew or should have known during the probationary period that he committed the remaining violations. The trial court found that the petition to revoke was timely and, therefore, denied Sharp's motion to dismiss. The trial court ultimately revoked Sharp's probation based solely upon his failure to complete a drug treatment program and to pay restitution and child support. Rather than sentence him to jail time, the trial court extended Sharp's period of probation by ten months and required him to submit a DNA sample. Sharp objected to the DNA sample, saying, "With respect to the DNA test, I would object on the basis that that is not required of probationers." Tr. p. 27. On September 16, 2003, the trial court issued a nunc pro tunc order in which it clarified that Sharp's submission of a DNA sample for inclusion in the Indiana DNA Data Base was required by law upon his burglary conviction in 1999. Sharp now appeals.

## DISCUSSION AND DECISION

### I. Dismissal of Petition to Revoke

Sharp first argues that the trial court improperly overruled his motion to dismiss the petition to revoke. Specifically, he contends that the State had notice of his violations during the period of his probation because the probation officer knew of them, and, therefore, the petition to revoke was untimely because it was filed more than forty-five days after the end of his probationary period.

■ We note that the determination of when the State received notice of an alleged probation violation is left to the discretion of the trial court. *Louth v. State*, 705 N.E.2d 1053, 1060 (Ind.Ct.App. 1999). We will review this determination only for an abuse of such discretion. *Id.*

Indiana Code section 35–38–2–3 provides in pertinent part:

(a) The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

Inasmuch as the probation officer filed the petition to revoke Sharp's probation approximately seven months after the probationary period ended, it was clearly within the one year limit imposed by Indiana Code section 35–38–2–3(a)(2)(A). However, the petition must have been filed within forty-five days of receiving notice under Indiana Code section 35–38–2–3(a)(2)(B) if that occurred before the one year limitation passed.

■ One of the purposes behind Indiana Code section 35–38–2–3(a), like all statutes of limitation, is to encourage the prompt presentation of claims. *Olcott Intern. & Co., Inc. v. Micro Data Base Systems, Inc.*, 793 N.E.2d 1063, 1074 (Ind.Ct. App.2003). Stated another way, the purpose behind statutes of limitation such as this one is to provide security against stale claims. *Clark v. Univ. of Evansville*, 784

N.E.2d 942, 945 (Ind.Ct.App.2003). Moreover, a probation officer may file a petition to revoke probation just as surely as may a prosecutor. *Louth*, 705 N.E.2d at 1059.

Here, the trial court stated in its nunc pro tunc order that Sharp was required by statute from the date of his conviction to submit his DNA sample. However, this was not a violation of his probation inasmuch as Sharp had no notice that it was a condition of his probation.[1]

Sharp's probation officer filed the petition to revoke probation. Further, the probation officer testified at the hearing that he was aware during Sharp's probation that Sharp had not paid restitution and that Sharp had not completed the drug treatment program. Appellant's App. p. 122–24. The probation officer further testified that he had talked to Sharp about not paying child support and that Sharp's support payment records were public and available to him during Sharp's period of probation. Appellant's App. p. 123. Because the probation officer knew of the violations for which the trial court revoked Sharp's probation but did not file a petition to revoke until seven months after Sharp's probationary period ended, we find that the petition should have been dismissed as untimely.

## II. DNA Sample

Sharp next contends that the trial court erred in requiring him to submit a DNA sample pursuant to Indiana Code section 10–13–6–10. Specifically, he argues that such an order is unconstitutional under the Fourth Amendment of the federal constitution and Article I, Section 11 of the Indiana constitution inasmuch as

there is "a total absence of probable cause or reasonable suspicion that would justify the taking of a DNA sample." Appellant's Br. p. 13.

Sharp presents a thorough and well-researched argument for the unconstitutionality of Indiana Code section 10–13–6–10. However, a defendant may not raise one ground for objection at trial and argue a different ground on appeal. *Lehman v. State*, 730 N.E.2d 701, 703 (Ind.2000). While Sharp did object to submission of his DNA sample, he did so on the basis that it was not required of probationers. Because Sharp failed to raise an objection on constitutional grounds before the trial court, he has waived that argument for appeal. *See Hatchett v. State*, 740 N.E.2d 920, 924–25 (Ind.Ct.App.2000) (claim that statute violated both federal and Indiana constitutions waived on appeal for failure to make proper objection at trial).

## CONCLUSION

In light of the disposition of the above issues, we find that the trial court should have dismissed the petition to revoke Sharp's probation as untimely. Moreover, we find that Sharp waived his argument that it is unconstitutional to require him to submit a DNA sample.

The judgment of the trial court is affirmed in part and reversed in part.

FRIEDLANDER, J., and BAILEY, J., concur.

---

1. We note that the only enforcement mechanism available to the trial court with regard to this order is its general contempt power because the nunc pro tunc order was issued after Sharp's probation had expired. Had Sharp been ordered to submit his DNA sample during his probationary period but failed to do so, it could have served as a violation of his probation.