

FILED

Oct 31 2018, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert J. Little
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew Kobe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damien D. Murphy, | October 31, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 79A05-1709-CR-2319 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Laura W. Zeman, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 79D04-1608-CM-2925 |

**Pyle, Judge.**

## Statement of the Case

[1] In this interlocutory appeal, Damien Murphy ("Murphy") appeals the trial court's denial of his motion to dismiss two petitions to revoke his probation, which were both filed after his probationary period had ended. He argues that

the trial court does not have authority to hold a revocation hearing and make a final determination on any allegation within the revocation petitions because the trial court did not toll his probation pursuant to the tolling provision in the probation revocation statute.

[2] We conclude that the tolling provision in the revocation statute does not apply to the facts of this case and note that the probation revocation statute sets out the trial court's authority for holding a revocation hearing and entering a determination on a probation allegation in a timely-filed revocation petition. Because the first revocation petition was timely filed and the second revocation petition was not, we affirm the trial court's denial of Murphy's motion to dismiss the first revocation petition, reverse the trial court's denial of Murphy's motion to dismiss the second revocation petition, and remand for further proceedings on the first revocation petition.

[3] We affirm in part, reverse in part, and remand.

## Issue

Whether the trial court abused its discretion by denying Murphy's motion to dismiss the two probation revocation petitions.

## Facts

[4] On October 11, 2016, Murphy entered into a plea agreement and pled guilty as charged to Class B misdemeanor possession of marijuana. That same day, the trial court, pursuant to the plea agreement, sentenced Murphy to "180 days, suspended upon timely and satisfactory completion of all terms and conditions

of [unsupervised] probation[,]" which included, among other conditions, the requirement to "[c]ontinue school at the Excel Center to obtain high school diploma and provide proof to [the] court." (App. Vol. 2 at 11, 12). Under Murphy's plea agreement, he also had a probation term requiring him to pay for court services and attend drug and alcohol evaluations within six months. The trial court set a probation review hearing for May 25, 2017, at which time Murphy was "to bring written proof of [the] completion of all probation requirements." (App. Vol. 2 at 12).

When Murphy appeared at the probation review hearing on May 25, 2017, he had apparently not completed all of his probation requirements.[1] That same day, the State filed a petition to revoke Murphy's probation ("First Probation Revocation Petition"), alleging that Murphy had violated probation by: (1) failing to "[c]omplete all Court Services requirements for drug and alcohol evaluation, fees, referral, etc.[;]" and (2) failing to provide "[p]roof of Excel completion[.]" (App. Vol. 2 at 13). The trial court conducted an initial hearing on the petition that same day. The trial court did not issue a warrant or summons.

Shortly thereafter, on July 6, 2017, the State filed another petition to revoke probation ("Second Probation Revocation Petition"), alleging that Murphy had violated probation by "failing to maintain good and lawful behavior." (App.

---

[1] The transcript of the probation review hearing is not included in the record on appeal.

Vol. 2 at 20. Specifically, the State alleged that "on or about June 28, 2017, [Murphy] committed the offenses of Dealing in a narcotic Drug, Possession of a Narcotic Drug, Resisting Law Enforcement, Operating While Intoxicated Endangering a Person, Operating While Intoxicated with an ACE of .08 or More, and Possession of Marijuana[.]" (App. Vol. 2 at 20).

[7] A few days later, on July 10, 2017, Murphy filed a motion to dismiss the two revocation petitions. He stated that his probationary period had ended on April 8, 2017 and argued that both revocation petitions should be dismissed because they were filed outside the limits set out in INDIANA CODE § 35-38-2-3(a). Specifically, Murphy argued that the First Probation Revocation Petition should be dismissed because it was filed on May 25, 2017, which was forty-eight days after his probationary period had ended and that the Second Probation Revocation Petition should be dismissed because it alleged that he had violated probation on June 28, 2017, which was after his probationary period had ended. Additionally, Murphy argued that, even if the trial court were to find that the two revocation petitions were filed in accordance with INDIANA CODE § 35-38-2-3(a), the trial court "no longer ha[d] jurisdiction" to make a final determination of any allegation because the trial court had not issued a summons or warrant that would have tolled his probationary period as set out in INDIANA CODE § 35-38-2-3(c). (App. Vol. 2 at 34). He further argued that the "filing of a petition to revoke probation in and of itself d[id] not toll the period of probation" because "I.C. [§] 35-38-2-3(c) very clearly states that a

period of probation is tolled only when a *summons or warrant* is issued." (App. Vol. 2 at 35) (emphasis in original).

[8] On July 27, 2017, the trial court held a hearing on Murphy's motion to dismiss. During the hearing, the trial court determined that: (1) the First Probation Revocation Petition was timely filed because the State had filed it within forty-five days of receiving notice of the violation on May 25, 2017; (2) the filing of the First Probation Revocation Petition "toll[ed] the probationary period[;]" and (3) the Second Probation Revocation Petition was timely filed because Murphy's probation had been tolled by the filing of the First Probation Revocation Petition. (Tr. Vol. 2 at 10). The trial court then issued an order denying Murphy's motion to dismiss both revocation petitions.

[9] Thereafter, upon Murphy's motion, the trial court certified its order for an interlocutory appeal. Murphy then sought and was granted permission by our Court to file an interlocutory appeal. Murphy now appeals the trial court's order denying his motion to dismiss.

# Decision

[10] Murphy appeals the trial court's denial of his motion to dismiss the two probation revocation petitions. "We review a trial court's denial of a motion to dismiss for an abuse of discretion, and we reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances." *Frink v. State*, 52 N.E.3d 842, 845 (Ind. Ct. App. 2016).

Resolution of this appeal requires us to review and interpret INDIANA CODE § 35-38-2-3, which provides, in relevant part, as follows:

> (a) The court may revoke a person's probation if:
>
>> (1) the person has violated a condition of probation during the probationary period; and
>>
>> (2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:
>>
>>> (A) One (1) year after the termination of probation.
>>>
>>> (B) Forty-five (45) days after the state receives notice of the violation.
>
> (b) When a petition is filed charging a violation of a condition of probation, the court may:
>
>> (1) order a summons to be issued to the person to appear; or
>>
>> (2) order a warrant for the person's arrest if there is a risk of the person's fleeing the jurisdiction or causing harm to others.
>
> (c) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge.
>
> (d) Except as provided in subsection (e), the court shall conduct a hearing concerning the alleged violation. . . .
>
> * * * * *
>
> (j) If the court finds that the person has violated a condition during any time before the termination of the period, and the petition is filed under subsection (a) after the probationary period has expired, the court may:

> (1) reinstate the person's probationary period, with or without enlarging the conditions, if the sum of the length of the original probationary period and the reinstated probationary period does not exceed the length of the maximum sentence allowable for the offense that is the basis of the probation; or
>
> (2) order execution of all or part of the sentence that was suspended at the time of the initial sentencing.

[12] The crux of Murphy's appellate argument, however, is that the trial court was without jurisdiction to hold a probation revocation hearing on the First and Second Probation Revocation Petitions because it did not toll his probation pursuant to INDIANA CODE § 35-38-2-3(c).[2] He contends that, in order for the trial court to have authority to hold a revocation hearing and make a final determination on an allegation within a revocation petition, the trial court was required to toll his probation under subsection (c) by issuing a summons or a warrant. The State, on the other hand, recognizes the language of subsection (c) but contends that the First Probation Revocation Petition "served the same purpose as a summons or warrant" and, as a result, tolled Murphy's probation and would allow the trial court to retain jurisdiction to hold a revocation hearing on both revocation petitions. (State's Br. 12).

---

[2] Murphy no longer challenges the timeliness of the filing of the First Probation Revocation Petition under INDIANA CODE § 35-38-2-3(a) or the trial court's determination that the State filed this first petition within forty-five days of receiving notice of the violation. He does, however, challenge the timeliness of the Second Probation Revocation Petition, arguing that the trial court should have dismissed it because the State alleged that he violated probation on a date after his probationary period had ended.

[13]     The overriding issue in this interlocutory appeal is whether the trial court has jurisdiction or authority to hold a revocation hearing and enter a disposition on the First and Second Probation Revocation Petitions. To resolve this issue, the parties focus on whether the trial court had tolled Murphy's probation pursuant to INDIANA CODE § 35-38-2-3(c). That focus, however, is misplaced because Murphy's probationary period had already ended prior to the State's filing of the two probation revocation petitions. We have explained that "tolling [under INDIANA CODE § 35-38-2-3(c)] does not apply to violations filed after the probationary period ends." *Davis v. State*, 35 N.E.3d 261, 264 (Ind. Ct. App. 2015) (citing IND. CODE § 35-38-2-3(b)-(c)). If the State files a notice of probation violation after a defendant's probation has ended, as the State did here pursuant to subsection (a)(2) of the revocation statute, then "there [i]s no period of probation to be tolled, which means the trial court c[an] not continue [a defendant's] terms of probation pursuant to Ind. Code § 35-38-2-3(c)." *Id.* Because Murphy's probationary period had already ended, it could not be tolled.[3]

---

[3] We recognize that our Court has stated that "[t]he purpose of I.C. 35-38-2-3(c) is to grant a trial court power to revoke probation and order a person returned to jail when it determines that such person violated probation, even though the disposition regarding that violation occurs after the original term of probation has expired." *Slinkard v. State*, 625 N.E.2d 1282, 1284 (Ind. Ct. App. 1993). In *Slinkard*, however, the issue was whether probation had been tolled during a prior revocation proceeding that was filed during the probationary period that would have extended the probation for the subsequent revocation at issue. Here, however, Murphy did not have any revocation proceedings during the course of his probationary period that would have tolled his probation.

[14] Therefore, we turn to the relevant focus in this interlocutory appeal, which is whether the trial court has authority to hold a revocation hearing and enter a disposition on the revocation petitions. We recognize that "once a probationer's term of probation has expired, the court loses jurisdiction over that person." *Hayes v. State*, 590 N.E.2d 1116, 1118 (Ind. Ct. App. 1992), *trans. denied*. Nevertheless, "[t]he disposition regarding a violation of probation may occur after the probationary period has ended, but the violation must have occurred within the probationary period." *Trammell v. State*, 45 N.E.3d 1212, 1215 (Ind. Ct. App. 2015) (citing *Dawson v. State*, 751 N.E.2d 812, 814 (Ind. Ct. App. 2001)).

[15] Indeed, the probation revocation statute sets out the trial court's authority for holding a revocation hearing and entering a determination on a probation revocation allegation in a timely-filed revocation petition. "A statute must be held to mean what is clearly and plainly expressed therein." *Hayes*, 590 N.E.2d at 1118. Subsection (a) makes clear that a trial court "may revoke a person's probation" only "if the person has violated a condition of probation during the probationary period" *and* the revocation petition is filed either during the probationary period or after probation has ended but within the time periods contained in the statute. I.C. § 35-38-2-3(a). If there is a timely-filed revocation petition under subsection (a), subsection (d) mandates that a trial "court *shall* conduct a hearing concerning the alleged violation." I.C. § 35-38-2-3(d) (emphasis added). At such hearing, the State is required to prove the violation by a preponderance of the evidence. *See* I.C. § 35-38-2-3(f). Additionally,

subsection (j) sets forth the dispositional options a trial court has when it "finds that a person has violated a condition during any time before the termination of the period, and the petition is filed under subsection (a) after the probationary period has expired[.]" I.C. § 35-38-2-3(j). Thus, the trial court has the authority to hold a revocation hearing and enter a determination on a probation allegation but only if the two revocation petitions have met the timely-filing requirements of subsection (a).

[16] Here, the trial court sentenced Murphy and placed him on probation on October 11, 2016. Therefore, his probationary period ended 180 days later on April 9, 2017.[4] The State filed the First Probation Revocation Petition on May 25, 2017, which Murphy does not dispute was within forty-five days of the State receiving notice that Murphy had allegedly failed to complete all of his probation requirements during his probationary period. Thus, the First Probation Revocation Petition complied with the requirements of subsection (a) and was timely filed. Pursuant to subsection (d), the trial court is required to "conduct a hearing concerning the alleged violation[s]." I.C. § 35-38-2-3(d). Because the trial court has authority pursuant to the revocation statute to hold a revocation hearing and to enter a determination on this timely-filed petition, the trial court did not abuse its discretion by denying Murphy's motion to dismiss

---

[4] We note that April 9, 2017 was a Sunday. Pursuant to Indiana Trial Rule 6(A), computation for the last day of a period of time prescribed by order of the court does not include a Sunday. Thus, under Trial Rule 6, the last day of Murphy's probation would have technically been Monday April 10, 2017.

the First Probation Revocation Petition.[5] We affirm the trial court's judgment on the First Probation Revocation Petition and remand for further proceedings.

[17] The trial court, however, abused its discretion by denying Murphy's motion to dismiss the Second Probation Revocation Petition. This second petition did not comply with the requirements of subsection (a)(1) because it alleged that Murphy had violated a condition of probation on June 28, 2017, which was after Murphy's probationary period had already ended. Because this Second Probation Revocation Petition was not timely filed, the trial court does not have authority to hold a revocation hearing on it. Accordingly, the trial court abused its discretion by denying Murphy's motion to dismiss the Second Probation Revocation Petition, and we reverse the trial court's judgment on this Second Probation Revocation Petition. *See, e.g.*, *Dawson*, 751 N.E.2d at 815-16 (holding that the trial court improperly revoked a defendant's probation where the allegation was based on an offense alleged to have occurred after the expiration of his probationary term).

[18] Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Barnes, Sr.J., concur.

---

[5] Of course, the trial court could enter a determination only if it finds that the State meets its burden of proving the allegations in this first revocation petition by a preponderance of the evidence. *See* I.C. § 35-38-2-3(f).