

FILED

May 11 2023, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael C. Cunningham
Judson G. McMillin
Zachary J. Anderson
Mullin, McMillin & McMillin, LLP
Brookville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad E. Hammann,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 11, 2023

Court of Appeals Case No.
22A-CR-2210

Appeal from the Dearborn Circuit
Court

The Honorable James D.
Humphrey, Judge

Trial Court Cause No.
15C01-2005-F4-6

**Opinion by Judge Tavitas**
Judges Vaidik and Foley concur.

**Tavitas, Judge.**

## Case Summary

Chad Hammann appeals the trial court's revocation of his probation. Hammann contends that: (1) the trial court erred by denying Hammann's motion to dismiss due to violations of Indiana Code Section 35-38-2-3(d); (2) the trial court erred by allowing the State to proceed on the probation violation after the State failed to provide Hammann with adequate notice of the charges; and (3) the evidence is insufficient to support the revocation of Hammann's probation. We disagree with Hammann's arguments, and accordingly, we affirm.

## Issues

Hammann raises three issues, which we restate as:

    I.    Whether the trial court erred by denying Hammann's motion to dismiss due to violations of Indiana Code Section 35-38-2-3(d).

    II.    Whether the trial court erred by allowing the State to proceed on the probation violation after the State failed to provide Hammann with adequate notice of the charges.

    III.    Whether the evidence is insufficient to support the revocation of Hammann's probation.

## Facts

In October 2020, Hammann pleaded guilty to identity deception, a Level 6 felony; intimidation, a Level 6 felony; and admitted to being an habitual

offender.[1] The trial court sentenced Hammann to six years with three years suspended to probation. Hammann's conditions of probation included a prohibition on consuming alcohol and illegal controlled substances and a prohibition on committing additional criminal offenses.

[4] When Hammann was released, his probation was transferred to Ohio. On May 10, 2022, the State filed a notice of probation violation, which alleged that Hammann tested positive for amphetamine/methamphetamine on December 10, 2021; amphetamine/methamphetamine and alcohol on December 17, 2021; methamphetamine on January 5, 2022, and April 1, 2022; and cocaine and amphetamine/methamphetamine on May 6, 2022. The trial court then issued a warrant for Hammann's arrest.

[5] On May 21, 2022, Hammann was arrested in Hamilton County, Ohio, for receiving stolen property, obstructing official business, and driving under suspension. Hammann was released on his own recognizance in Ohio on May 23, 2022, but he was held on the Indiana warrant until May 25, 2022, when he waived extradition. On May 26, 2022, Indiana officers served the warrant upon Hammann, and he was returned to Indiana.

---

[1] Hammann was originally charged with dealing in methamphetamine, a Level 3 felony; dealing in methamphetamine, a Level 4 felony; possession of methamphetamine, a Level 5 felony; possession of methamphetamine, a Level 6 felony; possession of a narcotic drug, a Level 5 felony; possession of a narcotic drug, a Level 6 felony; possession of a controlled substance, a Level 6 felony; possession of a controlled substance, a Class A misdemeanor; possession of child pornography, a Level 5 felony; possession of child pornography, a Level 6 felony; intimidation of a law enforcement officer, a Level 6 felony; identity deception, a Level 6 felony; theft of a firearm, a Level 6 felony; carrying a handgun without a license, a Class A misdemeanor; and resisting law enforcement, a Class A misdemeanor.

[6]     On May 27, 2022, the trial court set an initial hearing on the probation violation for May 31, 2022. At the initial hearing, Hammann denied violating his probation and informed the trial court that he would be obtaining private counsel. The trial court appointed "stand by counsel." Appellant's App. Vol. II p. 20. The trial court then addressed the issue of bail. The State requested that Hammann be held without bond pending the fact-finding hearing due to Hammann's criminal history, prior escape charge, and positive drug tests. The probation officer noted that Hammann had new pending charges in Ohio and that Hammann had absconded from a halfway house in Ohio. The trial court denied bond due to Hammann's "extensive criminal history, including an escape, six felony convictions, five misdemeanors, five probation violations, a history of failure to appear and . . . absconding from a treatment facility." *Id.* at 14. The trial court then set the matter for a fact-finding hearing on June 14, 2022. Hammann did not object to the date of the fact-finding hearing or raise any issue regarding compliance with Indiana Code Section 35-38-2-3(d).

[7]     Hammann's counsel filed a motion for continuance on June 13 and renewed that motion for continuance on June 14 at the scheduled hearing. Hammann's counsel also requested that a reasonable bond be set. The trial court granted the motion for a continuance and set the fact-finding hearing for July 5. The trial court then took the request for bond under advisement.

[8]     The next day, on June 15, the trial court issued a written order regarding Hammann's bond. The trial court found Hammann to be a "substantial risk of danger to self or other persons or to the public" and found that Hammann

"presents a substantial risk of non-appearance at future hearings." Appellant's App. Vol. II p. 70. The trial court then set Hammann's bond at $150,000 surety bond in addition to a cash-only bond of $2,500.

[9] Hammann subsequently retained new counsel and filed another motion to continue the fact-finding hearing on June 30. The trial court granted the motion and reset the hearing for July 28.

[10] On July 7, Hammann filed a motion to dismiss or in the alternative for immediate release, and the trial court set a hearing on the motion for July 19. At the hearing, Hammann argued that his due process rights and his statutory rights as set forth in Indiana Code Section 35-38-2-3(d) were violated when he was held in jail for longer than fifteen days without a hearing on the alleged probation violation. Hammann argued that "dismissal is the appropriate remedy." Tr. Vol. II p. 30. The State argued that: the due process clause was not implicated; Hammann waived any statutory violation; an initial hearing was held within fifteen days; and dismissal was not the proper remedy. The trial court later issued a written order denying Hammann's motion to dismiss. The trial court found that: (1) Hammann's due process rights were not implicated; (2) the trial court addressed the issue of bail at the initial hearing, which was held only eight days after Hammann waived extradition; and (3) Hammann's failure to object to the June 14 hearing resulted in waiver of the issue.

On July 21, the State filed an amended notice of probation violation to allege that, in addition to the positive drug tests that formed the basis for the earlier notice of probation violation, Hammann committed new criminal offenses in Ohio and was charged with receiving stolen property, obstructing official business, and driving under suspension.

On July 25, the State filed a motion to continue because a witness, Officer Raymond Seehousen of the Mt. Healthy Police Department in Ohio, was unavailable due to National Guard training. The trial court granted the motion and reset the hearing for August 17. The trial court held an initial hearing on the amended notice of probation violation on July 28. At this initial hearing, the following discussion occurred:

> THE COURT: Has a date been given on the State's motion to continue?
>
> [Deputy Prosecutor]: I don't believe so, Your Honor. I just note in our motion that the officer from - - I believe it's Mt. Healthy police or somewhere in Hamilton County, Ohio - - he's at National Guard training, that's why he's unavailable today, but he would be available after August 15th.
>
> THE COURT: How much time do we need to set aside, counsel?
>
> [Deputy Prosecutor]: Your Honor, I wouldn't anticipate his testimony would be lengthy. From the State's perspective - -
>
> THE COURT: Do you think half an hour would be sufficient time?

[Defense Counsel]: I believe so, Your Honor.

[Deputy Prosecutor]: Yes.

[Defense Counsel]: The only reason it's difficult for me to answer is I don't know what allegations specifically the State intends to proceed on. I can't imagine it's going to be a lengthy hearing.

[Deputy Prosecutor]: It would be to the new offense from Hamilton County.

[Defense Counsel]: That should be sufficient, Your Honor.

Tr. Vol. II pp. 90-91.

[13] At the August 17 fact-finding hearing, Officer Seehousen testified that he received an alert from the license plate reader system that a vehicle was traveling through the city with a stolen license plate. Officer Seehousen located the vehicle, which was driven by Hammann. Hammann provided Officer Seehousen with an incorrect social security number, first name, and last name. Hammann eventually provided the officer with his correct name, and Officer Seehousen learned that Hammann had a warrant. Hammann told the officer that "he was trying to buy himself time due to having a sick family member." Tr. Vol. II p. 53.

[14] During the testimony of Jennifer Benson, Hammann's probation officer, regarding the failed drug tests, Hammann objected, in part, as follows:

> [A]t the initial hearing in this amended petition for probation violation I confirmed with the State that we would only be proceeding - - they were only proceeding today on the new violation out of Ohio and they orally confirmed that on the record at that hearing. And so we are now getting into issues that the State has represented that they would not be pursuing today.

*Id.* at 83. The hearing was continued to the next day, at which time the above portions of the July 28 initial hearing were entered into evidence. The trial court found that the State's comment at the initial hearing was insufficient to demonstrate the State was dismissing or removing the other allegations from the petition; rather, the conversation was related to Officer Seehousen's testimony and the time needed for his testimony. Thus, the trial court allowed evidence of the failed drug tests. Probation Officer Benson then testified regarding Hammann's positive drug screens, and documents detailing the positive drug screens were admitted over Hammann's objection.

[15] The trial court found that the State proved by a preponderance of the evidence that Hammann violated his probation by consuming amphetamine/methamphetamine, cocaine, and alcohol and by committing the new criminal acts of obstructing official business and receiving stolen property. The trial court then ordered Hammann to serve his three-year suspended sentence in the Department of Correction. Hammann now appeals.

# Discussion and Decision

## *I.  Denial of Motion to Dismiss*

[16]    Hammann argues that the trial court erred by denying his motion to dismiss the probation revocation proceedings.  We review a trial court's denial of a motion to dismiss for an abuse of discretion.  *Murphy v. State*, 113 N.E.3d 776, 779 (Ind. Ct. App. 2018).  We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances.  *Id.*

[17]    According to Hammann, because he was being held in jail, the trial court was required to hold an evidentiary hearing on the probation violation within fifteen days pursuant to Indiana Code Section 35-38-2-3(d).  Hammann contends that the trial court violated this provision and that he was entitled to a dismissal of the probation revocation proceedings as a result.

[18]    Hammann's argument requires that we interpret Indiana Code Section 35-38-2-3(d).  We review a matter of statutory interpretation de novo.  *Utley v. State*, 167 N.E.3d 777, 782 (Ind. Ct. App. 2021), *trans. denied*.  When faced with a question of statutory interpretation, we first examine whether the language of the statute is clear and unambiguous.  *Id.*  If it is, we give its words their plain, ordinary, and usual meanings.  *Id.*  Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent, and the best evidence of that intent is the statute itself.  *Id.*  We presume "'the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's

underlying policy and goals.'" *Id.* (quoting *Prewitt v. State*, 878 N.E.2d 184, 186 (Ind. 2007)).

[19] When a probation violation allegation is filed, an initial hearing is typically held, and the probationer may "admit to a violation of probation and waive the right to a probation violation hearing . . . ." Ind. Code § 35-38-2-3(e). If the probationer denies the violation of probation, Indiana Code Section 35-38-2-3(d)[2] provides:

> Except as provided in subsection (e), the court shall conduct a hearing concerning the alleged violation. The court may admit the person to bail pending the hearing. A person who is not admitted to bail pending the hearing may not be held in jail for more than fifteen (15) days without a hearing on the alleged violation of probation.

[20] Here, the State contends that the "most favorable and plausible date of arrest to use for the statute's calculations is May 23, 20[2]2, when Ohio released [Hammann] on his own recognizance . . . ." Appellee's Br. p. 22. Thus, the State concedes that "Hammann was entitled to be admitted to bail or released on his own recognizance if a fact-finding hearing was not held by June 7, 2022." *Id.* The trial court did not set Hammann's bond until June 15, 2022.

---

[2] This subsection of Indiana Code Section 35-38-2-3 was amended in 2012. The subsection previously read: "The court shall conduct a hearing concerning the alleged violation. The court may admit the person to bail pending the hearing."

[21] Hammann argues that this statutory violation entitles him to discharge of the probation violation allegation.[3]  Hammann, however, misinterprets Indiana Code Section 35-38-2-3(d).  The plain language of the statute requires that, if a hearing is not held within the fifteen days of incarceration, then the probationer must be either admitted to bail or released on his own recognizance.  If a hearing is not held within fifteen days, the probationer is entitled to either admittance to bail or release on recognizance.  The purpose of this provision is to prevent probationers from languishing in jail for minor probation violations while awaiting a fact-finding hearing, which could occur months later.  Nothing in the statutory provision requires the **discharge** of the notice of probation violation if the probationer is neither admitted to bail nor released on his own recognizance after the fifteen-day period.[4]

[22] Indiana Code Section 35-38-2-3(d) is comparable to Indiana Criminal Rule 4(A), which provides:

> No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); . . . .  Any defendant so detained shall be released on his

---

[3] Hammann also argues that the statutory violation amounts to a violation of his due process rights.  We held in *Utley*, 167 N.E.3d at 781, that "due process is not implicated" by a violation of Indiana Code Section 35-38-2-3(d).  We decline Hammann's invitation to "reconsider" the holding in *Utley*.  Appellant's Br. p. 27.

[4] Hammann relies upon *Sharp v. State*, 807 N.E.2d 765 (Ind. Ct. App. 2004); *Clark v. State*, 958 N.E.2d 488 (Ind. Ct. App. 2011); and *Murphy v. State*, 113 N.E.3d 776 (Ind. Ct. App. 2018).  These cases, however, pertain to the time limitations upon filing the notice of probation violation itself, *see* Indiana Code Section 35-38-2-3(a), not time limitations for bail and recognizance.  Accordingly, these cases are inapplicable here.

own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

[23] A defendant held in jail for more than six months is not entitled to discharge from prosecution or dismissal of charges under Criminal Rule 4(A); rather, the defendant is merely entitled to prompt release on his own recognizance. *See, e.g., S.L. v. Elkhart Superior Ct. No. 3*, 969 N.E.2d 590, 591 (Ind. 2012) (granting "relief in part by ordering that Relator be promptly released on his own recognizance, though he still may be held to answer for the criminal charge against him"). Similarly, under Indiana Code Section 35-38-2-3(d), a probationer is not entitled to dismissal of the alleged probation violation if he is held longer than fifteen days without a fact-finding hearing, admittance to bail, or release on recognizance. The probationer would merely be entitled to admittance to bail or release on his own recognizance.

[24] Hammann failed to raise an objection when his fact-finding hearing was set outside the fifteen-day window without admitting him to bond or releasing him on his own recognizance. In fact, Hammann did not raise the issue of Indiana Code Section 35-38-2-3(d) until he filed his motion to dismiss on July 7.

[25] The State argues that Hammann had a duty to bring the delay to the trial court's attention and that Hammann waived the issue by failing to object at the first opportunity. In support of its argument, the State relies upon cases addressing Criminal Rule 4(B) and 4(C). Our Supreme Court, however, has

held: "While the scheduling of a trial date beyond the time limits in Criminal Rule 4(B) and 4(C) may be inconsistent with those rules and result in 'acquiescence' when the defendant does not object at the first opportunity, there is nothing about the scheduling of a trial for a date beyond the six-month period in Criminal Rule 4(A) that is inconsistent with a defendant's assertion of his right to release on his own recognizance once the six months pass." *State ex rel. Bramley v. Tipton Cir. Ct.*, 835 N.E.2d 479, 481 (Ind. 2005). In other words, a defendant does not waive his right to release by failing to timely object when a trial is scheduled for a date outside the six-month period of Criminal Rule 4(A). *Id.* Similarly, a probationer may raise the issue of Indiana Code Section 35-38-2-3(d) even after the fifteen days have passed.[5] The remedy is admittance to bail or release on recognizance, not discharge or dismissal of the probation violation allegation. Accordingly, the trial court did not abuse its discretion by denying Hammann's motion to dismiss.

## II. *Adequate Notice of the Alleged Violation*

[26] Hammann argues that he did not have adequate notice that the State would raise the issue of his failed drug tests as an alleged probation violation. The Due Process Clause of the Fourteenth Amendment provides certain protections

---

[5] "The denial of bail is deemed a final judgment appealable immediately, without waiting for the final judgment following trial." *Bradley v. State*, 649 N.E.2d 100, 106 (Ind. 1995). Where, however, the defendant does not appeal the issue until after conviction, "the issue is moot and not available as an appealable issue." *Music v. State*, 489 N.E.2d 949, 951 (Ind. 1986); *see also Carter v. State*, 451 N.E.2d 639, 642 (Ind. 1983) (holding that defendant's argument regarding the denial of his right to reasonable bail pending trial was "moot" and would "not be considered as grounds for reversal in this appeal").

to an individual at a probation violation hearing. *Bovie v. State*, 760 N.E.2d 1195, 1199 (Ind. Ct. App. 2002). One of the minimum requirements of due process inured to a probationer at a revocation hearing is "written notice of the claimed violations of probation." *Utley*, 167 N.E.3d at 781 (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). The written notice of the claimed violations of probation must be "sufficiently detailed to allow the probationer to prepare an adequate defense." *Bovie*, 760 N.E.2d at 1199. "It is error for a probation revocation to be based upon a violation for which the defendant did not receive notice." *Id.*

[27] The first notice of probation violation alleged that Hammann tested positive multiple times for illegal substances. The State later amended the notice of probation violation to allege, along with the positive drug tests that formed the basis for the earlier notice of probation violation, that, in Ohio, Hammann committed the new criminal offenses of receiving stolen property, obstructing official business, and driving under suspension. The State never removed the failed drug tests from the amended petition.

[28] Hammann contends that the State stated at the initial hearing that it was not pursuing the failed drug tests as a probation violation. During the July 28 initial hearing, the parties had a discussion regarding the time necessary for Officer Seehousen's testimony, and the State agreed that thirty minutes would be sufficient. Hamman's counsel then said: "The only reason it's difficult for me to answer is I don't know what allegations specifically the State intends to proceed on. I can't imagine it's going to be a lengthy hearing." Tr. Vol. II p.

90. The State answered: "It would be to the new offense from Hamilton County." *Id.* at 90-91.

[29] Officer Seehousen arrested Hammann in Ohio on the new criminal charges, and his testimony did not pertain to the failed drug tests. In answering Hammann's counsel, the State was merely stating the topic of Officer Seehousen's testimony. The failed drug tests were never mentioned during this discussion, and we agree with the trial court that the State's comment was insufficient to remove the failed drug tests from the written notice of probation violations. We conclude that Hammann was not deprived of his due process right to written notice of the claimed violations of probation.

### III. *Sufficiency of the Evidence to Support Revocation*

[30] Next, Hammann challenges the sufficiency of the evidence to support the revocation of his probation. "'A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence.'" *Brown v. State*, 162 N.E.3d 1179, 1182 (Ind. Ct. App. 2021) (quoting *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014)); *see also* Ind. Code § 35-38-2-3(f). "'When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if 'there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation.'" *Brown*, 162 N.E.3d at 1182 (quoting *Murdock*, 10 N.E.3d at 1267). "In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion." *Heaton v.*

*State*, 984 N.E.2d 614, 616 (Ind. 2013) (citing *Prewitt*, 878 N.E.2d at 188). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances," *id*. (citing *Prewitt*, 878 N.E.2d at 188), "or when the trial court misinterprets the law," *id*. (citing *State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008)).

[31] "Proof of a single violation is sufficient to permit a trial court to revoke probation*.*" *Killebrew v. State*, 165 N.E.3d 578, 582 (Ind. Ct. App. 2021) (citing *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*), *trans. denied*. "The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law." *Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016) (citing *Williams v. State,* 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b)), *trans. denied*. "'[W]hen the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense.'" *Brown*, 162 N.E.3d at 1183 (citing *Heaton*, 984 N.E.2d at 617).

[32] Hammann argues that the State failed to prove he committed a new criminal offense because: (1) Officer Seehousen could not remember the name that Hammann gave to him; (2) the State should have presented the officer's body camera video; and (3) no evidence was presented that Hammann knew the license plate was stolen. The State presented evidence that, when Officer Seehousen stopped Hammann's vehicle due to a stolen license plate, Hammann gave an incorrect social security number, first name, and last name. Hammann

could have questioned Officer Seehousen on cross-examination regarding the body camera video or admitted the video, but chose not to do so. Hammann's argument is merely a request that we reweigh the evidence, which we cannot do.

[33] We conclude that the State presented sufficient evidence to demonstrate that Hammann violated his probation by committing new offenses and failing multiple drug tests. Accordingly, the trial court did not abuse its discretion by revoking Hammann's probation.

## Conclusion

[34] The trial court did not abuse its discretion by denying Hammann's motion to dismiss or by revoking Hammann's probation. Accordingly, we affirm.

[35] Affirmed.

Vaidik, J., and Foley, J., concur.